JOHN L. RUSSELL, and DAVID F. CRAIGE and WILLIAM TATNALL, trading as CRAIGE & TATNALL,

*vs.*

THOMAS THATCHER and MARY ANN, his wife, et al.

*New Castle, Feb. T.* 1864.

A voluntary conveyance is void as against creditors holding debts previously contracted.

A husband, having reduced to his possession funds to which he became entitled in right of his wife, cannot subject them to a voluntary trust for the wife to the prejudice of creditors.

CREDITOR'S BILL TO SET ASIDE A VOLUNTARY CONVEYANCE. —The defendant, Thomas Thatcher, by a deed dated De-

cember 26th, 1857, conveyed a house and lot, situated in Wilmington, to Edward McInall, upon certain trusts for the sole and separate use of his wife, Mary Ann Thatcher, during her lifetime, and after her death for the benefit of her children. The nominal consideration of the deed was $1000, which represented the estimated value of the property over and above a mortgage upon it for $1500. Nothing was in fact paid by McInall, the trustee. Prior to and at the date of the conveyance, Thatcher was indebted to the complainants, John L. Russell and Craige & Tatnall; for which debts judgments were afterward recovered; Russell recovering a judgment for $107.06, and Craige & Tatnall recovering two judgments for $100 each. On these judgments execution process was issued, and levied upon the house and lot which had been conveyed in trust. Thereupon, this bill was filed, charging that the conveyance was voluntary and in fraud of Thatcher's creditors, and praying a decree that the deed should be declared void; that McInall, the trustee, should account for the rents and profits, to be applied toward satisfaction of the debts, and that the property should be sold for any deficiency.

The defence taken by answer was that some years previous to the conveyance Thatcher had received from the estate of his wife's father, in her right, certain sums of money which he had held, to be invested for her use; and that the house and lot was purchased with this fund. The answer also alleged that at the time of the conveyance Thatcher was not insolvent.

It was proved that some years prior to the conveyance, in the years 1850, 1851 and 1852, Thatcher had received from the estate of William Coleman, his wife's father, sundry sums of money, amounting to $593.21.

The cause came before the Chancellor, at the Feb. T. 1864, for a hearing upon the bill, answer, exhibits and depositions.

*J. C. Patterson*, for the complainants.

The wife has no equity for a settlement out of her property after it has been reduced to her husband's possession. 2 *Sto. Eq. Jur. secs.* 1369, 1372, 1402, 1403; *Clancey on Married Women*, 440, 458, 2 *Atk. R.* 420; 1 *P. Wms.* 459, 383; 10 *Ves. Jr.*, 90; 2 *Kent's Com.* 141; 2 *Johns. Ch. R.* 206; 4 *Bouv. Ins.* 275. The deed was, therefore, wholly voluntary, and void as to creditors under the statute of 13 Elizabeth.

But, even if the wife had an equity in consideration of the fund received from her father's estate, that amounted only to $593.21, a sum much less than the value of the property, and leaving sufficient to cover the debts of the complainants. Equity will, at least, relieve by decreeing a sale, and the application to the debts of any surplus after satisfying such equity as the wife may have. *Reed vs. Livingston*, 3 *Johns. Ch. R.* 481.

*G. B. Rodney*, for the defendants.

This was not a voluntary conveyance, being made for a meritorious consideration, viz : the wife's equity. Though the husband had reduced the fund into his possession and was not obliged to make the settlement, yet, it being such as equity would have enforced, had the fund been within its control, the Court will recognize and give effect to it when voluntarily made. 1 *Roper on Husb. and Wife*, 321, 196, (32 *Law Lib.*) It does not matter that the settlement somewhat exceeds the property received for the wife, if it be not so violently disproportionate as to shew fraud. 67 *Law Lib.* 294; *McQueen on Husb. and Wife*, 377; 2 *Sto. Eq. Jur. secs.* 1415, 1377a ; 8 *Paige Ch. Rep.* 161.

But, supposing the conveyance were voluntary, that alone will not avoid it. The statute proceeds on the ground of fraud; and, though the decisions vary, the law is that

fraud must be shewn. If indebtedness be relied on as evidence of fraud, it must amount to insolvency. 3 *Barn & Adolph,* 362; 2 *Kent Com.* 440, *n.*; 8 *Cow. R.* 406; *Cowp. R.* 432; 11 *Wheat. R.* 199; 8 *Mees & Wels.* 405; 3 *U. S. Eq. Dig.* 249; 1 *Sto. Eq. Jur. secs.* 359–365. In this case Thatcher was not insolvent, and there is no evidence of fraud in fact or purpose.

HARRINGTON, CHANCELLOR.—Upon consideration of this case, I am prepared to make a decree, charging the trust fund with so much of the debts of the complainants as were contracted prior to the date of the trust deed. It is true, that part of the money invested in the property conveyed by the deed in trust, (or its equivalent) was received by Thatcher from his wife's property; but it was received and originally invested by him as his own, and in his own name; and he could not subject it to a voluntary trust after he had incurred debts, and that possibly on the credit of this property.

A decree was entered charging the property with so much of the debt due the complainant, Russell, as was incurred prior to the date of the trust deed; also, with the debt due the complainants, Craige and Tatnall, and ordering a sale of the property to raise these sums, if not paid within thirty days.