RICHARD HUMPHRIES,

*vs.*

JAMES C. WILSON and SUSANNA WILSON.

*New Castle, September T.,* 1865.

A voluntary deed set aside, as against a creditor.

BILL BY CREDITOR AGAINST A VOLUNTARY GRANTEE.—

The complainant recovered a judgment against the defendant, James C. Wilson, on the 9th of November, 1861, for $276.84. Pending the suit, and before the judgment was recovered, Wilson conveyed a lot of land and house held by him to his sister, Susanna Wilson, the consideration expressed in the deed being $1,000. The deed bore date June 10th, 1861, and was not recorded until March 18th, 1862. The house and lot had meanwhile been levied on under a *fieri facias*, issued upon the complainant's judgment. James C. Wilson, also, a few days before the recovery of the judgment, confessed a judgment to William E. Riley, for $2,000. This was done without Riley's knowledge, and without any debt due him from Wilson.

The bill charged that the deed was voluntary and fraudulent, being made in order to defeat the complainant's judgment; and it prayed that the deed might be set aside, as against this judgment.

The answer alleged that the consideration set forth in the deed had been paid by Susanna Wilson.

Depositions were taken on the part of the complainant, tending to prove that Susanna Wilson had not sufficient means to purchase the property. There was no direct evidence of payment of the consideration.

The cause came before the Chancellor, at the September Term, 1865, for a hearing upon the bill, answer, exhibits and depositions.

*G. B. Rodney*, for the complainant.

*C. B. Lore*, for the defendant.

HARRINGTON, CHANCELLOR.—I cannot do otherwise than conclude, upon examination of the evidence and papers in this cause, that the conveyance of the houses and lot by

James C. Wilson to his sister Susanna was voluntary, and was designed to avoid payment of the balance of Humphries' claim for building the houses, which was then contested and was in litigation. The time and manner of the conveyance and the insufficient proof of payment of the purchase money alike lead to this conclusion; and the confession by Wilson of a large judgment to Riley, when but little or nothing was due to him, and even without his knowledge, points to the same conclusion, as having the same object. Equity will not allow this. Humphries' claim for the building is now legally ascertained, and this property is equitably bound for it. I shall, therefore, decree that the deed be set aside as against Humphries' judgment.