JOHN L. HULL, Trustee of the estate of John H. Short and W. O. Hudson, trading as John H. Short & Co., and JOHN H. SHORT, bankrupt, and W. O. HUDSON, bankrupt, as individuals,

*vs.*

WILLIAM O. HUDSON, SALLY J. HUDSON, CALEB S. LAYTON AND PHILLIP R. LAYTON.

*Sussex, June* 29, 1911.

A conveyance of land voluntarily made by a debtor, without valuable consideration, is presumed to be fraudulent as to his existing creditors,

and in the absence of proof of rebutting circumstances the presumption will be conclusive, without proof of insolvency or fraudulent intent.

Where a person, soon after becoming a member of a trading firm, conveys real estate through mesne conveyances to his wife without consideration, and at the time owes large sums of money, both individually and as a partner, the conveyance is at least presumptively fraudulent as against his creditors then existing, and, in the absence of evidence as to his financial condition at the time of the conveyance, will be decreed to be null and void as to them.

Where a wife out of her own estate put improvements upon real property owned by her husband, without any agreement or contract whereby he was to re-pay her, it will be presumed that the wife intended the improvements as a gift, and such improvements are not sufficient consideration to support the husband's voluntary conveyance of the land to his wife, so as to prevent its being in fraud of creditors.

A trustee in bankruptcy may properly file his bill in the state court to set aside a fraudulent conveyance of the bankrupt.

BILL TO SET ASIDE CERTAIN CONVEYANCES.   The bill is by the trustee in bankruptcy of W. O. Hudson, individually, and also of the firm of which he was a member, and seeks to set aside conveyances made by Hudson before bankruptcy, through a third party to his wife, without consideration and to defraud creditors.   It alleges the giving of a note by Hudson to Hull in March, 1907, for $3,041.76 for Hull's interest in the firm of which Hull was then a member.   Hudson at that time stated his ownership of land in Delaware, and relying on that statement, Hull accepted the note given for his interest in the firm (which has not been paid), and also endorsed for accommodation notes for the firm for about $20,000 which are due. The complainant alleges that while the note for $3,041.76 given to Hull was unpaid, Hudson, in order "to hinder, delay and defraud the said Hull and his other creditors", conveyed in July, 1907, and March, 1908, a house and lot in Frankford, Delaware, and a farm in Baltimore Hundred, Sussex County, Delaware, to his wife through third parties, and that all conveyances were without real consideration and were made to defraud creditors of Hudson.   In October, 1909, the firm and the indivdiual members were adjudicated bankrupts, and subsequently Hull was elected as trustee, and, by operation of the bankruptcy law, the trustee is vested with the title to the land

so fraudulently transferred by Hudson. By his answer the defendant, Hudson, admits the facts but denies insolvency of himself or the firm and fraudulent conduct in making the conveyance; but does not allege that there was any consideration for the transfers. By her answer Sally O. Hudson, wife of William O. Hudson, denies fraud and says, as to the Frankford lot, she had built the house and barn on it with her own money and it was conveyed to her because she thought she was entitled to it. In her answer nothing is said about the farm. The persons through whom the conveyances were made to Sally J. Hudson, by their answer aver their ignorance of the facts, other than the conveyances to and from them.

The cause was heard on bill, answers, proofs and exhibits.

*James M. Tunnell*, for complainant.
*Charles W. Cullen and John M. Richardson*, for defendants.

The Chancellor: The proofs taken do not sustain clearly the allegations that W. O. Hudson was insolvent at the time of the conveyances in question, but the main allegations of the bill were sustained by the proof, viz.: That after purchasing from Hull his interest in the firm and giving his promissory note therefor, and while the note was still unpaid, as it still is, W. O. Hudson, without consideration conveyed the real estate mentioned in the bill by deeds (his wife joining in both) to strangers, who without consideration reconveyed the property to the wife of W. O. Hudson. There was evidence that Hudson made to Hull, at the time the note was given, representations as to the ownership of real estate in Delaware, which were true; and the subsequent conveyances above referred to are relied on as showing bad faith of Hudson after making the representations of ownership, relying on which Hull had taken Hudson's note. Independent of the representations as to ownership of land, the complainant as trustee in bankruptcy claims the right to set aside the conveyance because, being then indebted, the voluntary conveyance made by Hudson without consideration to his wife, through persons who acted only as conduits, was fraudulent in law and void, in that as a creditor Hull was thereby hindered in collecting from Hudson

the debt which Hudson owed him. This right to avoid the conveyances Hull claimed to have without making proof of insolvency, or even financial embarrassment of Hull at the time they were made. Whatever right Hull had as an individual creditor of Hudson, he had as trustee in bankruptcy, for by *section* 70, *par.* "e" of the Bankruptcy Act the trustee in bankruptcy may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might avoid.

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was tranferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The present owner of the property in question is not a *bona fide* purchaser for value. By *section* 70, *par.* "a", of the Act the trustee is vested by operation of law with the title of the bankrupt to all property transferred by him, the bankrupt, "in fraud of his creditors." Hudson being indebted personally on the note given to Hull, and having shortly theretofore acquired an interest in a partnership which was then heavily indebted, conveyed through third persons to his wife two parcels of land, without consideration. Whether Hudson then owned other property or not, and whether he was then insolvent, or not, or deeply indebted or not, does not clearly appear; nor is the value of the real estate in question shown, or whether the value of the land was a large or small proportion of the amount of Hudson's debts. But it does appear that soon after embarking on a new business enterprise he voluntarily and without consideration transferred real estate to his wife; and that the effect of such transfer is to prevent the creditors of Hull and of the firm of which he was a member from collecting the debts owed them. Furthermore, at the time of the conveyance, Hull was a creditor of Hudson individually and also a creditor of the firm of which Hudson was a member, and therefore a creditor of Hudson. The courts of Delaware, espe-

cially the Court of Chancery, have rather strictly applied the *Statute of* 13 *Elizabeth, c.* 5, against fraudulent deeds, gifts and alienations injurious to creditors. In *Logan, et al. v. Brick et al.,* 2 *Del. Ch.* 206, Chancellor Harrington held that a voluntary conveyance, though fraudulent intent be denied by the answer, was a fraud in law if such conveyance hindered or delayed creditors of the grantor in the collection of their debts. In that case a father had conveyed real estate to his son without consideration. The grantor, as the Court found, being then in failing circumstances, and largely indebted, this conveyance was declared to be void even without actual fraud contemplated. But the Chancellor went even further, saying:

"A father may advance his son by a conveyance of his land, even without other consideration than the relation between them, which is a good, though it is not a valuable, consideration; but he must do so with due respect to the rights of others, and if these be injured the conveyance is void as to them. If the grantor be indebted at the time, or is about to become indebted, and act with a view to protect his property from such debt—much more if he be on the verge of insolvency—he cannot, by a conveyance to his son, deprive his creditors of their right to proceed against his property."

It was urged in that case by the defendant that the answer denied fraud and the allegation was not rebutted by the proofs, but Chancellor Harrington said:

"The answer to this is that, without any proof of intention, the fraud which vitiates this transaction attaches to the conveyance itself, as one which operates in fact to the injury of creditors, and is, therefore, prohibited by the statute of 13 Elizabeth as legally fraudulent."

In *Russell v. Thatcher,* 2 *Del. Ch.* 320, a husband conveyed real estate in trust for his wife for life and thereafter for her children, the settlement being voluntary. At the time of the conveyance, the grantor was indebted to two judgment creditors, the complainants, in amounts aggregating much less than the value of the land conveyed. It was shown that the land was in part paid for by the husband by money received by him belonging to his wife and his insolvency was denied. Chancellor Harrington charged the real estate with so much of the debts due the complainants as were incurred prior to the date

of the trust deed and ordered a sale of the land if the debts were not paid within a time fixed by the decree.

"It is true, that part of the money invested in the property conveyed by the deed in trust, (or its equivalent) was received by Thatcher from his wife's property; but it was received and originally invested by him as his own, and in his own name; and he could not subject it to a voluntary trust after he had incurred debts, and that possibly on the credit of this property."

In *Humphries v. Wilson, et al.*, 2 *Del. Ch.* 331, the defendant in a suit pending, and before judgment recovered therein against him, made a conveyance of real estate without consideration to his sister. Deeming that the conveyance was designed to hinder creditors, the conveyance was set aside, as against the claim of the complainant. In *Chandler v. Hollingsworth*, 3 *Del. Ch.* 99, Chancellor Bates set aside a voluntary conveyance or settlement made by a man of all his estate to the exclusion of his future wife made pending an engagement to her and three days before the marriage was solemnized. The bill was brought by the widow and an infant son. The Chancellor set aside the deed of trust only as against the widow, whose prospective dower rights were injuriously affected, but not as to the son, because he had no power to cut out his wife's dower, but could have disinherited the son. In stating the reasons for the distinction, the Chancellor said:

"It does not seem accurate to say that a deed is void for constructive fraud. The deed is valid; title under it passes, but subject in equity to those rights which are affected by the fraud."

He further states the matter as to conveyances made in fraud of creditors:

"And so, where a conveyance is tainted with fraud *in fact*, in which the parties claiming under it are implicated, such a conveyance is *wholly void;* for no effect whatever can be given to an instrument actually fraudulent; and, therefore, it is that, although a conveyance which is merely voluntary and not fraudulent in fact, is invalid only against *existing* creditors and not against *subsequent* creditors; yet if the conveyance is tainted with actual fraud, it is void altogether and subsequent creditors are let in. But such is not the effect of *constructive* fraud. The object of the doctrine of constructive fraud is, to protect some right or interest, which, in equity, ought to be preserved, against the effect of a conveyance which is in

other respects valid; and therefore, equity does not avoid the deed altogether, but saves against it. the rights or interests which are to be protected."

It appears, then, from the Delaware cases to be settled, as it is elsewhere, that a conveyance of land voluntarily made by a debtor, without valuable consideration, is presumed to be fraudulent as to his existing creditors; and in absence of proof of rebutting circumstances, the presumption will be conclusive. In such cases proof of insolvency or fraudulent intent is unnecessary. There is in the case before this Court nothing to rebut the presumption of fraud. No testimony was offered to show that the grantor was not insolvent, or that he owned other property, or any explanation made, or equitable circumstance shown to counteract the presumption in favor of existing creditors. When a person soon after becoming a member of a trading co-partnership conveys real estate through mesne conveyances to his wife without consideration, and at the time owes large sums of money, both individually and as a partner, the conveyances are at least presumptively fraudulent as against his creditors then existing, and, in the absence of evidence as to his financial condition at the time of the conveyance, will be decreed to be null and void as to them.

It is claimed by Sally J. Hudson, wife of W. O. Hudson, that she had expended her own money in building improvements on his lot of land in Frankford, and that the conveyance was made to her for that consideration. No such claim is made in respect to the farm, the other parcel of land conveyed. The pretended consideration did not constitute a sufficient defense, or give her any rights against the complainants. She was not a creditor of her husband. There was no evidence of promise by him to re-pay the money so expended by her in making the improvements, or any other circumstance alleged or proven to show that such an expenditure was not a gift to her husband of the moneys so expended.

In *Hood v. Jones*, 5 *Del. Ch.* 77, 110, Chancellor Saulsbury sets forth the view, supported by citations, as to the presumption of a gift, thus:

"We have seen the receipt and appropriation, by a husband, of money

constituting the separate estate of his wife, with her knowledge and acquiescence, does not establish the relation of debtor and creditor between them, and entitle the wife to compensation out of the husband's assets, unless at the time of such receipt there was an understanding between them that he should re-pay the money so received and appropriated; and that, in the absence of such an understanding, the law presumes the money to be a gift by the wife to the husband."

The making of the improvements at the cost of the wife, Sally J. Hudson, from her own estate, did not make her a creditor of her husband, and was not, therefore, a consideration which made her other than a voluntary grantee of the house and lot in Frankford through an intermediate party.

The trustee in bankruptcy rightly brought his bill in this Court to set aside the conveyances (*Westall v. Avery*, 171 *Fed.* 626, 96 *C. C. A.* 428), and is entitled to the relief asked for as the representative of the creditors of Hudson, the grantor, existing at the time of the conveyances.

A decree will be made declaring the conveyances to Philip R. Layton and Caleb S. Layton and the conveyance by them of the same land to Sally J. Hudson to be null and void, and making whatever order is deemed necessary to make effectual these findings.