### STATE ex FULTON v LOAR et

Ohio Appeals, 7th Dist. Monroe Co

No 281. Decided Dec 21, 1934

John W. Bricker, Attorney General, Columbus, and John K. Sawyers, Jr., Columbus, for plaintiff.

T. J. Kremer, Woodsfield, and C. W. Lynch, Woodsfield, for defendants.

## OPINION

### By ROBERTS, J.

This cause is in this court on appeal from the Court of Common Pleas. An effort will be made to present a succinct state- ment of the matters involved in this action and to elucidate therefrom, the real issues presented for consideration and determination.

The issue so far as disputed is substantially this: An effort on the part of the plaintiff to subject the vested dower interest of W. N. Loar in certain real estate located in the Village of Woodsfield, Monroe County, to the payment of a judgment obtained against said W. N. Loar by said Monroe Bank.

Admitted or undisputed matters are as follows: The Monroe Bank obtained a judgment against the defendant, W. N. Loar, for $18,810.69 on the 21st day of October, 1930, and caused an execution to be issued to the sheriff of Monroe County and a levy to be made on all of the interest of the defendant W. N. Loar, in and to the Woodsfield residence, which is the subject of the various claims in this case. This residence had formerly been the home of W. N. Loar and his wife, Hanna E. Loar, the latter being the owner in fee simple of said premises; the inchoate dower of W. N. Loar therein became consummate or vested on the death of his wife, Hanna, which occurred on the 18th day of October, 1930. No dower interest had ever been set off or assigned to the husband in said real estate, which dower right was the only property of the defendant, W. N. Loar. It is further not disputed that Hanna E. Loar, the owner, and her husband, the defendant, W. N. Loar, husband and wife, by a deed, undated, but acknowledged on the 20th day of September, 1930, and which was recorded Oct. 24th, 1930, in Volume 101 at page 236 of the records of deeds of Monroe County, Ohio, purported to convey said real estate to the defendants, Hettie Loar and Marian D. Loar, daughters of the grantors. This deed recited a consideration of $1.00 and love and affection, which, as between the parties, would be sufficient to convey and constitute a good, but not a valuable consideration. It is also not denied, and in fact admitted, that the defendant, Louis P. Christman, has a mortgage lien for $2000.00 principal, with accrued interest at 7% from April 28th, 1931. This mortgage was given by W. N. Loar and wife, Hanna Loar, and is conceded to be the first and best lien on all of said premises.

Recapitulating for a moment, in view of the facts that Hanna E. Loar and W. N. Loar, her husband, she having the fee simple title by a deed acknowledged as of Sept. 26, 1930, conveyed the premises in question to their two daughters, Hettie Loar and Marian D. Loar, for a considera-

tion expressed in the deed of $1.00 and love and affection, that on October 18, 1930, the said Hanna E. Loar, owner of said fee, died, survived by her husband, W. N. Loar, and s id two daughters, grantees, in said deed. That on October 21, 1930, the Monroe Bank acquired a judgment against the defendant, W. N. Loar, for the sum hereinbefore stated, upon which execution was issued and levied on the interest of W. N. Loar, in said real estate; that said deed was duly recorded as before stated; therefrom develops the issue as to whether or not any valuable consideration passed from the defendants, Hettie Loar and Marion D. Loar, the grantees, to Hanna Loar, and the defendant, W. N. Loar, for said deed, and whether or not there was an intent to defraud the creditors of the defendant, W. N. Loar, on the part of the parties to said conveyance, and whether or not the grantees, in said deed knew that said W. N. Loar was financially involved and making the conveyance to defraud his creditors, if such be the fact.

It is not contended on the part of the plaintiff that said judgment lien attaches to any part of such real estate or interest therein other than the dower interest of the surviving husband, W. N. Loar.

The testimony, so far as the facts involved in the conveyance are concerned, is found in the deposition of Marion D. Loar, and referring now to the question as to whether any valuable consideration was given by this deed, this question was asked:

"What did you pay either to your mother or your father at the time it (the deed) was made?

"A. Well, we did not pay anything; they just made out the deed to us; there was something to the effect that we would pay one dollar."

Elsewhere this witness says that even the one dollar was not paid. The testimony is to the effect, that this witness taught school for many years; that her parents, who then lived with the family, which had lived in Oklahoma since 1923, were in somewhat stringent circumstances, and that this and the other daughter contributed of their earnings from time to time to a considerable extent to the parents for the maintaining of household expenses, payment of taxes and otherwise, but without any negotiations or understanding that they were to be reimbursed for such expenditures, and without expectation of a deed of said property from their parents. It is quite likely that such as was contributed to the family support by the girls represented what

would be fairly considered or perhaps somewhat more than a reasonable contribution by them to the maintaining of the home, of which they were residents. The evidence is further to the effect, that the deed was made out and delivered to them without solicitation, the mother was then in poor health and did not expect to live long, and the deed was an effort to effect some settlement of the estate of the mother before her death. The conclusion is reached, so far as that proposition is concerned, that the consideration of the conveyance was no more than expressed therein, for love and affection, and while good as between the parties, was not upon valuable consideration.

It is further indicated from the deposition and not contradicted otherwise in the case, that these daughters had no knowledge of the indebtedness of their father to the bank, or if such be the fact, that in making a conveyance of his dower interest to them, he was not actuated otherwise than by love and affection, and in an endeavor to effectuate the desire of his wife to thus provide, while she was yet living, for the disposition of this property to the daughters. The effect of said conveyance by W. N. Loar of his dower interest, if not disturbed, would be to deprive the plaintiff of any recovery therefrom to be applied upon its indebtedness to the bank.

The briefs and arguments in this case are not very definite as indicative of what provision of law the plaintiff seeks to subject this dower interest to the lien obtained thereon by the plaintiff. §11104 GC, provides in effect that a conveyance by a debtor in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion in whole or in part of others, and a sale, conveyance, or transfer with intent to hinder, delay or ·defraud creditors shall be void as to creditors of such debtor at the suit of any creditor or creditors.

The following §11105 GC, provides in part that the provisions of the next preceding section shall not apply unless the person or persons to whom such sale, conveyance, transfer, mortgage or assignment is made knew of such fraudulent intent on the part of such debtor. It thus appears that §11105 GC is a limitation upon §11104 GC, and, as before suggested, this court finds that the grantees of the deed did not know of any intended wrongful conduct in the way of hindering or defrauding creditors, on the

part of their father, by reason of the participation in the deed with their mother.

Sec 8618, GC, reads:

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods, or chattels, and every bond, judgment or execution, made or obtained with intent to defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons purchasing such lands, tenements, hereditaments, rents, goods or chattels, shall be utterly void and of no effect."

The limitation of §11105 GC was not made to apply to §8618 GC, just read.

In the case of Huwe v Knecht et, 10 Oh Ap 427, it is said in the syllabus:

"1. A conveyance of real estate by a husband to his wife as a gift will be set aside as having been made in fraud of creditors where it is disclosed that the husband has not sufficient assets to permit him to make a gift but is unable to pay his debts."

"2. Sec 11105, GC, making knowledge of fraudulent intent material, applies only to §11104 GC relating to transfers in contemplation of insolvency or to prefer creditors, and not to §8618 GC invalidating gifts to defraud creditors. Hence, the transfer by a husband of all his unencumbered property to his wife, thereby providing a home in which he can live and thus defeating the rights of his existing creditors, is constructively fraudulent and void, even though no actual fraud was intended."

Sec 11760 GC reads as follows:

"Equitable and certain other assets.— When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action."

Considering this as an equitable action, and the dower interest of the husband as equitable this section is also pertinent in determining what right, if any, the bank had to subject this dower interest to the liquidation of its judgment lien thereon.

"A widow's unassigned right to dower, in lands of her husband, occupied and enjoyed by herself and their children, may be subjected by proceedings in equity to the payment of a judgment against her upon a debt created by her after her husband's death."

Boltz v Stoltz, 41 Oh St 540.

"The wife's dower interest remains under §4183 GC as before that act was passed, and that of the husband is of the same quality and character."

"After decease of wife and before assignment, it is not such an 'estate' as is properly the subject of the lien of a judgment against the husband or subject to levy upon execution, but it is such an interest as may be subjected to the payment of such judgment by proceedings in equity."

"In an action to set aside a release of such dower interest, when it clearly appears in the evidence and is not disputed that it was voluntarily released to the children, while the debt was in existence, the burden of showing the solvency of the debtor at that time is upon the children."

Maclaren et v Stone et, 9 O.C.D. 794.

"The Ohio statutes are quite comprehensive as to the subjects of fraudulent transfers. Thus, it is provided that every gift, grant, or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment, or execution, made or obtained with intent to defraud creditors, of their just and lawful debts or damages, or to defraud or to deceive the person or persons purchasing such lands, tenements, hereditaments, rents, goods or chattels, shall be utterly void and of no effect. The statute which furnishes the legislative machinery whereby the assets of a fraudulent grantor may ultimately be administered for the equal benefit of creditors stipulates that a sale, conveyance, transfer, mortgage, or assignment, made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them against himself or themselves in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion in whole or in part of others, and a sale, conveyance, transfer, mortgage or assignment made, or judgment procured by him or them to be rendered in any manner, with intent to hinder, delay or defraud creditors, shall be void as to creditors of

such debtor or debtors at the suit of any creditor or creditors."

**19 O. Jurisprudence, page 725.**

"There are numerous problems of a miscellaneous nature relating to subjects of fraudulent transfers. Where a husband while indebted releases a dower interest in land of his deceased wife, to his children, such release being in fraud of his creditors, will be set aside and the interest subjected to the satisfaction of his creditors."

**19 O. Jurisprudence, page 728.**

"Dower consummate before assignment is not subject to the lien of judgments against the person entitled thereto. It is not subject to levy and execution but it may be reached by an action in equity * * * against the party entitled to dower. Such an action is warranted by that section of the code which provides that when a judgment debtor has not sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in any claim or chose in action due or to become due, shall be subject to the payment of the judgment by action."

**14 O. Jurisprudence, page 685.**

Also, see **Brown v Cutler, 8 O. 142, Gray v Tappen, Wright 117.**

The conclusion is reached that this conveyance of the husband's dower interest was made by him with intent to hinder, delay and defraud his creditors, and the conveyance having been made to his daughters without fair or reasonable compensation therefor, and with only nominal consideration, if any, the plaintiff bank is entitled to have said dower interest or the proceeds thereof subjected to payment and credit upon its judgment.

Some discussion has arisen in the trial of the case as to the appropriate or proper manner in which this dower interest may be devoted to the payment of the bank's judgment. **Boltz v Stoltz, 41 Oh St 540,** has been cited, in which case the Supreme Court approved of a journal entry wherein a receiver was appointed to take possession and make demand for a conveyance, a failure to do which should operate within a certain time as a conveyance of the property, and the receiver was further authorized to apply the dower interest to the liquidation of the judgment in that case.

However, in that case there were no judgment liens, the rights of which required the sale of the property by prior lien, and its first subjection to the payment of that lien, as in the instant case the defendant Christman has a first lien by virtue of his mortgage, the satisfaction of which will require the sale of all of the real estate so owned by the wife, Hanna E. Loar. In the Court of Common Pleas that court did not determine all of the issues, and it is urged by counsel in behalf of Hettie Lohr and Marian D. Loar, that the value of the dower interest of their father be determined if the conveyance to them be not found good; that an opportunity be afforded to them to secure funds, if possible, to relieve the property so conveyed to them from the mortgage and dower interest.

Testimony was introduced in the case indicating that the age of W. N. Loar was about 65 years, and that the value of the property in question was $3800.00. Making use of the tables of mortality as used in like cases, it is found, considering this age and this value, that the present interest of the dower is $522.14, and this court so determines said dower interest to be of said sum, and that the defendant, Christman, has a first lien upon all of said premises, for the payment of the debt secured by his mortgage and costs by him incurred; that after the payment of the lien of the defendant, Christman, the plaintiff bank is entitled, out of the proceeds of the sale of said real estate to said sum of $522.14, to be applied upon its judgment this court finding that it has a valid lien to that extent and in that amount.

In the preparation of a journal entry provision should be made for the payment of whatever taxes there may be against this property in their proper priority, and a reasonable time allowed to the owners of the fee, the two daughters, to liquidate these claims so recognized upon their real estate, otherwise, the property to be sold as upon execution and the proceeds applied according to the priorities herein provided.

PHILLIPS and CARTER, JJ, concur in the judgment.