CONRAD, APPELLANT, *v.* SAMPLE ET AL., APPELLEES.

(No. 1415—Decided July 2, 1958.)

*Mr. Robert Jenson* and *Mr. A. J. Warhola,* for appellant.
*Mr. Wayne C. Black* and *Mr. Meyer Gordon,* for appellees.

HUNSICKER, P. J.   This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Lorain County, Ohio.

A. J. Conrad recovered a judgment against Tom L. Sample, now deceased, which judgment is still wholly unsatisfied. Tom Sample had no personal or real property which could be subjected, by an execution which was duly issued, to the payment of this judgment.

The action as to Tom Sample, now deceased, was not revived, and the trial court dismissed the action as to him. The cause then proceeded against the other defendants, the appellees herein.

Tom L. Sample, before A. J. Conrad recovered his judgment, transferred, by quitclaim deed, an undivided one-third interest in and to certain real property to his wife, Lena A. Sample, and his son, Robert Sample. The action of Conrad against Sample was pending when this transfer was made.

Mr. Conrad, by the instant action, seeks to have this transfer of title to the real estate, which was made by Tom Sample to his wife and son, set aside and held for naught.

The amended petition contains an allegation that "Tom L. Sample, with intent to defraud his creditors, and in particular this plaintiff [A. J. Conrad], has placed in the name of, or has conveyed or transferred his interest in and to, various real and personal property to defendants Lena A. Sample, * * * his wife, and Robert Sample, his son * * *."

Nowhere in such amended petition is there an allegation that Lena A. Sample or Robert Sample knew, at the time of the conveyance, of the alleged fraudulent intent, or that they participated in the transaction with a fraudulent intent.

Lena Sample and Robert Sample filed a demurrer to the amended petition in the trial court, stating, as a ground for the demurrer, that the amended petition did not state a cause of action. Counsel for Lena Sample and Robert Sample filed an identical demurrer in this court prior to the presentation of the case to this court as an appeal on questions of law and fact.

In our consideration of the demurrer, we must first note three sections of the Revised Code of Ohio which deal with the matter of the transfer of property to defeat creditors. Section 1335.02, Revised Code, is a part of Chapter 1335, "Statute of Frauds." Sections 1313.56 and 1313.57, Revised Code, are a part of Chapter 1313, designated as "Voluntary Assignments; Bulk Sales."

In Section 1335.02, Revised Code, there is no requirement that an action brought under favor of that section shall contain an allegation that the transferee of property, where the transfer is alleged to have been made to defraud creditors, knew of the fraudulent intent of the debtor transferor.

This section has been thus interpreted in the following cases: *Huwe* v. *Knecht,* 10 Ohio App., 487; *State, ex rel. Fulton,* v. *Loar,* 21 Ohio Law Abs., 156; *Allen* v. *Toth,* 22 Ohio Law Abs., 457; *Ortman* v. *Falknor,* 27 Ohio Law Abs., 312; *Ursak* v. *Sivanick,* 56 Ohio App., 434, 10 N. E. (2d), 1017; *City Trust & Savings Bank* v. *Weaver,* 68 Ohio App., 323, 40 N. E. (2d), 953 (Motion to certify record overruled, June 11, 1941). In this latter case, the court said:

"2. Knowledge by the grantee of the grantor's intent to defraud creditors is not an essential prerequisite to an action to set aside a conveyance in fraud of creditors brought under

Section 8618, General Code" (now Section 1335.02, Revised Code).

In an action brought under Sections 1313.56 and 1313.57, Revised Code, to set aside an alleged fraudulent transfer of property, there must be an allegation that the person to whom the transfer of property is made knew of the fraudulent intent of the debtor.

These sections have been interpreted in the case of *Carruthers* v. *Kennedy,* 121 Ohio St., 8, 166 N. E., 801, the court there saying:

"3. That part of Section 11105, General Code, which provides that the provisions of Section 11104 shall not apply unless the person or persons to whom a sale, conveyance, transfer, mortgage or assignment is made knows of such fraudulent intent on the part of the debtors, has application to a design to prefer one creditor to the exclusion in whole or in part of other creditors, and likewise has application to a conveyance made with intent to hinder, delay and defraud creditors."

Each of these sections of the Revised Code discussed herein has application to certain defined situations. Section 1335.02, Revised Code, has reference to an action to set aside any transfer of property "made or obtained with intent to defraud creditors."

Sections 1313.56 and 1313.57, Revised Code, have application to those situations where there is a transfer of property under the bulk sales law "in contemplation of insolvency and with a design to prefer" one or more creditors to the exclusion of other creditors, or a transfer of property "with intent to hinder, delay or defraud creditors"; and a receiver is to be appointed to take charge of the property so transferred.

From a reading of the amended petition in this case, it is readily apparent that the action herein was brought under favor of Section 1335.02, Revised Code; and hence an allegation that the ones to whom the property was transferred knew of the fraudulent intent of the debtor-transferor was not necessary in order to state a good cause of action. The demurrer is therefore overruled.

We shall now consider the merits of this case on the testimony taken in the trial court, the exhibits there introduced, and such additional evidence submitted by the appellant herein.

The evidence adduced by the appellant is largely the oral testimony of Mrs. Sample and her son, Robert, the appellees herein. The gist of that testimony is that they bought the real property with money earned or borrowed by them. Tom Sample, the husband and father, a real estate broker, acted in such capacity in closing the transaction. Unknown to either of the appellees, Tom Sample put his name on the agreement to purchase as one of the buyers, and, without authority from Mrs. Sample or Robert Sample, also had his name placed on the deed as one of the owners of the premises. Mrs. Sample testified that, when this fact was discovered by her, she insisted that Tom Sample transfer by quitclaim deed the interest he had thus acquired. Tom Sample did execute such a deed, divesting himself of any interest in the premises.

At the time this quitclaim deed was executed, there was pending in the Court of Common Pleas in and for Lorain County, Ohio, the action wherein A. J. Conrad sued Tom Sample. The unsatisfied judgment in that action is the basis for the present suit.

The testimony of the appellees is not as direct or unequivocal as it might be; and, to the ordinary person, a natural suspicion arises where a transaction such as we have herein is engaged in between husband and wife and son.

We, however, must view the record in the light of the legal requirement in Ohio, as to the degree of proof necessary to declare such a transaction void because of a claimed fraud practiced by the parties.

There is a great conflict of judicial opinion relative to the way in which transactions between husband and wife are to be viewed when attacked in court.

The majority rule, as stated in 37 Corpus Juris Secundum, Fraudulent Conveyances, Section 383 b, is that:

"* * * in a contest between the creditors of the husband and his wife, if the wife claims ownership of the property by a purchase during coverture, the burden of proof is on her to show that the purchase was for a valuable consideration, or that the husband had sufficient property remaining after the transfer to pay his debts."

The minority rule is, that he who alleges must prove, and hence the burden of proving fraud, in a conveyance between

husband and wife, is on the attacking creditors. See also: 24 American Jurisprudence, Fraudulent Conveyances, Section 219.

The text writer in 25 Ohio Jurisprudence (2d), Fraudulent Conveyances, Section 153, at p. 584, in his analysis of the few Ohio cases where the subject is treated, places Ohio with those who adopt the minority view.

In the case of *Van Hoose, Admx.*, v. *French*, 75 Ohio App., 342, 62 N. E. (2d), 259, where the court, in what we consider to be a statement not necessary to a disposition of the case, said that, although a transfer of property from a husband to his wife will be presumed to be a gift, the burden of proof remains on the one attacking such a transfer.

In the case of *Van Ingen* v. *Peterson*, 12 C. C. (N. S.), 253, 21 C. D., 506, the court said, at page 253, in a case where real estate was alleged to have been purchased by the husband, and title taken in the name of his wife, with intent to hinder, delay and defraud his creditors, that:

"The burden of proof rested upon the plaintiff and did not at any time by reason of presumptions in his favor, or by a prima facie case made, shift upon the defendants."

This case was affirmed without opinion in *Peterson* v. *Van Ingen*, 84 Ohio St., 473, 95 N. E., 1153.

In 35 A. L. R. (2d), 114, the text says that, in the class of cases such as the *Van Ingen* v. *Peterson case, supra*, where the conveyance was made direct to the wife, and actual fraud is in issue, the burden of proving it rests on the creditor.

The evidence presented by the appellant-judgment creditor herein, Mr. Conrad, when reviewed in the light of the apparent authority in Ohio, falls short of that degree of proof necessary where one must carry the burden of establishing the allegations of his petition.

We are hence compelled to determine that Mr. Conrad has not established, by that degree of proof required by the law of Ohio, the allegations of his amended petition.

A decree may be entered dismissing the amended petition, at the costs of the appellant.

Judgment for the appellees.

*Judgment accordingly.*

Doyle and Stevens, JJ., concur.