PROFETA, Appellee,

v.

LOMBARDO et al., Appellants.

[Cite as *Profeta v. Lombardo* (1991), 75 Ohio App.3d 621.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–15–091.

Decided Aug. 19, 1991.

*Charles E. Cannon,* for appellee.
*Michael D. Coffey,* for appellants.

Joseph E. Mahoney, Judge.

This is an accelerated calendar case.

Plaintiff-appellee, John Profeta, filed a complaint against defendants-appellants, Frank P. Lombardo and Lake Toyota, Inc., alleging that appellants engaged in fraudulent conveyances of two motor vehicles, a 1963 Mercedes Benz and a 1969 Pontiac Convertible GTO, in an effort to evade the attachment of the vehicles in satisfaction of a $16,000 judgment appellee had against

Frank P. Lombardo. Appellee prayed the court for an order restraining Lake Toyota from selling, leasing or otherwise transferring title to the subject vehicles in order to facilitate attachment proceedings to satisfy the judgment debt of Frank P. Lombardo and for $30,000 in punitive damages, attorney fees and costs.

The case was tried to the court on January 10, 1990. The following facts were adduced at trial:

The aforementioned vehicles were titled to Lake Toyota, Inc., which is owned by Anthony Lombardo, the son of Frank P. Lombardo. In the spring of 1988, Anthony Lombardo wanted to display the vehicles in a car show closed to dealers. In order to get around this prohibition, appellants collaborated to temporarily transfer the titles from Lake Toyota to Frank P. Lombardo. On April 27, 1988, the parties presigned four titles and powers of attorney to effectuate the transfers from Lake Toyota to Frank P. Lombardo and then back to Lake Toyota. Although title to the vehicles was transferred to Frank P. Lombardo on April 27, 1988, Lombardo never took possession of or drove the vehicles. The certificates of title as well as possession of the vehicles remained with Lake Toyota, which also continued to pay the insurance premiums. Neither appellant could recall, nor was there any physical corroborative evidence, that the vehicles were actually displayed at the car show.

On June 15, 1988, the Lake County Sheriff attempted to execute an attachment on the vehicles. However, the search for the vehicles at Frank Lombardo's residence and at the dealership was unsuccessful. Upon questioning, both Frank P. Lombardo and his son denied any knowledge of where the vehicles could be found. The following day, titles to the vehicles were transferred back to Lake Toyota.

Appellee filed his complaint on August 29, 1988. On February 24, 1989, during the pendency of the action below, Lake Toyota sold the 1969 Pontiac GTO to Jerry Arko of Arko Auto Sales for $5,000. Arko, in turn, sold the vehicle to his son for $100. The 1963 Mercedes Benz, which was valued between $10,000 to $15,000, remained titled to Lake Toyota, but was stored at Arko Auto Sales.

On June 15, 1990, based on the evidence presented, the trial court found that the conveyances of the vehicles on June 16, 1988 from Frank P. Lombardo to Lake Toyota were fraudulent and committed with the intent to defraud appellee from executing on his judgment. The court further found that Arko Auto Sales paid fair market value for the 1969 Pontiac GTO and that, since Arko Auto Sales was not joined as a party, the court did not have personal jurisdiction over it. The trial court concluded that Arko Auto Sales was an

innocent purchaser of the 1969 Pontiac GTO and, thus, its title to the GTO could not be voided under R.C. 1336.09. However, in lieu of voiding the title and based on the misrepresentation made by appellants to the sheriff on June 15, 1988 regarding the whereabouts of the vehicles, the trial court exercised its "equity authority" and granted appellee a joint and several judgment against appellants for $5,000, the fair market value of the GTO at the time of transfer, for their joint participation in the fraud. The court further voided the title to the 1963 Mercedes Benz from Frank P. Lombardo to Lake Toyota and enjoined appellants from selling, leasing or otherwise conveying the vehicle. No punitive damages were awarded because the trial court was unable to make a finding of actual malice.

Appellants have filed a timely appeal and now present the following assignments of error:

"1. The trial court lacked authority to impose a money judgment in an action based upon fraudulent conveyance.

"2. The judgment of the trial court voiding the title of the 1963 Mercedes Benz and awarding damages against appellant Lake Toyota is erroneous as a matter of law absent a finding of fraud on the part of appellant Lake Toyota.

"3. The finding of the trial court that the conveyances from appellant Lombardo to appellant Lake Toyota [were fraudulent] is against the manifest weight of the evidence and contrary to law under the circumstance [*sic*] of this case."

Appellants' first contention is that the trial court erred in granting appellee a $5,000 money judgment.

Appellants argue that the Ohio law on fraudulent conveyances codified in R.C. Chapter 1336 does not provide for an allowance of money damages and that appellee did not pray for compensatory damages in his complaint or later amend the complaint pursuant to Civ.R. 54(C) to seek a money judgment. Thus, appellants maintain that the trial court did not have a right to award money damages.

Although appellee did not initially seek money damages or later amend his complaint for compensatory damages, appellants' arguments are, nevertheless, not well taken.

R.C. Chapter 1336, entitled "Fraudulent Conveyances," which was made effective on October 23, 1961, was repealed and replaced by a newly enacted R.C. Chapter 1336, entitled "Ohio Uniform Fraudulent Transfer Act," which became effective on September 28, 1990 during the pendency of the instant case.

█ Newly enacted R.C. 1336.07, which sets forth the remedies [1] for a fraudulent transfer, is remedial or procedural in nature and, thus, it may be applied retrospectively. Therefore, it is applicable to the case now pending before us. See, generally, R.C. 1.48; Section 28, Article II, Ohio Constitution; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489.

R.C. 1336.07, remedies of creditor, provides in relevant part:

"(A) In an action for relief arising out of a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code, a creditor, subject to the limitations in section 1336.08 of the Revised Code, may obtain one of the following:

"(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the claim of the creditor;

"(2) An attachment or garnishment against the asset transferred or other property of the transferee in accordance with Chapters 2715. and 2716. of the Revised Code;

"(3) Subject to the applicable principles of equity and in accordance with the Rules of Civil Procedure, any of the following:

"(a) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

---

**1.** Remedies for a fraudulent conveyance under the repealed chapter were embodied in R.C. 1336.09, "remedies for matured claims," and R.C. 1336.10, "remedies for nonmatured claims." Under newly enacted R.C. 1336.07, the remedies are combined and no distinction is made between matured or nonmatured claims. Former R.C. 1336.09 and 1336.10 provided as follows:

R.C. 1336.09, remedies for matured claims, provided:

"(A) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

"(1) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or

"(2) Disregard the conveyance and attach or levy execution upon the property conveyed.

"(B) A purchaser, who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment."

R.C. 1336.10, remedies for nonmatured claims, provided:

"Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may:

"(A) Restrain the defendant from disposing of his property;

"(B) Appoint a receiver to take charge of the property;

"(C) Set aside the conveyance or annul the obligation; or

"(D) Make any order which the circumstances of the case may require."

"(b) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee;

"(c) Any other relief that the circumstances may require."

It is evident that under R.C. 1336.07(A)(3)(c), the trial court may exercise its discretion and, under the principles of equity, grant any other relief that the circumstances require. Furthermore, the catchall provision contained in newly enacted R.C. 1336.10 [2] and former R.C. 1336.11 [3] states that the principles of law and equity supplement the sections in the chapter.

■   Therefore, the trial court had discretion to grant the $5,000 money judgment under former R.C. 1336.11 or newly enacted R.C. 1336.07 and 1336.10.

The record demonstrates that both appellants had knowledge of the attempted attachment and levying by the sheriff, and that they concealed the whereabouts of the automobiles. The following day, titles to the vehicles were transferred to Lake Toyota in an obvious attempt to avoid the attachment by appellee/creditor. Furthermore, after appellee filed his complaint seeking to restrain Lake Toyota from selling, leasing or transferring title to the vehicles so that attachment may be executed, Lake Toyota knowingly sold the GTO to a third party for $5,000.

Under these circumstances, it cannot be said that the trial court acted improperly or abused its discretion in awarding a $5,000 money judgment in lieu of voiding title to the GTO which Lake Toyota intentionally sold to a purported bona fide purchaser.

The first assignment of error is without merit.

■   In the second assignment of error, appellants contend the trial court erred in voiding the title of the 1963 Mercedes Benz absent a finding of fraud on the part of Lake Toyota.

Initially, we note that this was an intra-familial transfer from the father to the son's company. At the time of the attempted attachment, titles to the

---

**2.** Newly enacted R.C. 1336.10, other laws supplement chapter, provides:
   "Unless displaced by this chapter, the principles of law and equity, including, but not limited to, the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement the provisions of this chapter."

**3.** Former R.C. 1336.11, effect of other laws, provided:
   "In any case not provided for in sections 1336.01 to 1336.12, inclusive, of the Revised Code, the rules of law and equity including the law merchant, and in particular the rules relating to the law of principal and agent, and the effect of fraud, misrepresentation, duress, or coercion, mistake, bankruptcy, or other invalidating cause shall govern."

vehicles were vested in Frank P. Lombardo. As stated earlier, both appellants were fully aware of the attachment proceeding and both concealed the whereabouts of the vehicles. Lake Toyota is not an innocent party here nor a bona fide purchaser of the vehicles, but a knowing participant in a scheme to defraud, avoid or frustrate the attempts of appellee/creditor to satisfy the judgment against Frank P. Lombardo.

Notwithstanding any of the foregoing, knowledge on the part of the grantee, Lake Toyota, of the grantor's, Frank Lombardo's, actual fraudulent intent is not necessary. See *McKinley Fed. S. & L. v. Pizzuro Enterprises, Inc.* (1990), 65 Ohio App.3d 791, 797–798, 585 N.E.2d 496, 500, citing *Conrad v. Sample* (1958), 107 Ohio App. 66, 7 O.O.2d 399, 156 N.E.2d 748.

Therefore, the second assignment of error is not well taken.

■ In the third assignment of error, appellants argue the trial court's finding that the conveyances from Frank P. Lombardo to Lake Toyota were fraudulent is against the manifest weight of the evidence.

In support of this assignment, appellants argue again that Lake Toyota had no fraudulent intent in regard to the appellee when the titles were transferred back to it. As stated under the discussion of the previous assignment, Lake Toyota's knowledge of the fraudulent intent is irrelevant.

Lake Toyota contends that its initial transfers to Frank P. Lombardo, for the purpose of circumventing the rules of the car show, were invalid since there was no valuable consideration exchanged when the vehicles were transferred back and forth between the parties.

Essentially, appellants want to use their initial scheme to commit fraud upon the car show as a defense to the later fraudulent transfers from Frank Lombardo to Lake Toyota. As the trial court aptly noted, appellants are related and both have "unclean hands." They cannot be allowed to benefit from their fraudulent schemes.

Finally, we note that lack of consideration is one of the classic "badges of fraud."

" 'Badges of fraud' are circumstances so frequently attending fraudulent transfers that the inference of fraud arises from them. See 24 Ohio Jurisprudence 3d (1980) 422, Creditors' Rights, Section 754; *In re Estate of Reed* (Wyo.1977), 566 P.2d 587, 589. * * *" *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio* (1987), 37 Ohio App.3d 162, 166, 524 N.E.2d 915, 918.

Badges of fraud include the following: (1) inadequate consideration; (2) transfer of the debtor's entire estate; (3) the debtor's insolvency as a result of the transfer; (4) the relationship of the parties to the transfer; (5) the

reservation of an interest in the transferred property; and (6) a threat or pendency of litigation. *Id.*

In the instant case, there are at least three badges of fraud: inadequate consideration, an intra-familial transfer, and the threat of levying execution or attachment on the vehicles. Furthermore, there was some inference that Frank P. Lombardo was otherwise insolvent and had no other property which could be attached. (There is testimony that Frank P. Lombardo transferred all of his property to his wife who, in turn, devised all the property to the couple's four children.)

Based on the foregoing, we find there was competent, credible evidence to support the trial court's finding that the conveyances of the vehicles from Frank P. Lombardo to Lake Toyota were fraudulent transfers.

The third assignment of error is without merit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.