In re CARROUSEL MOTELS,
INC., Debtor.

Thomas C. SCOTT, Trustee, Plaintiff,

v.

The FIFTH THIRD BANK,
Third–Party Plaintiff,

and

Robert A. Harpenau, Sr. and Harpenau
Enterprises, Inc., Third–Party
Defendants.

Bankruptcy No. 1–88–00199.
Adv. No. 1–91–0087.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 26, 1992.

Mark A. VanderLaan, Cincinnati, Ohio, for 5/3 Bank.

Robert A. Harpenau, Sr., pro se.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

BURTON PERLMAN, Chief Judge.

Plaintiff, Thomas C. Scott, trustee in bankruptcy for Carrousel Motels, Inc., has filed a motion to file First Amended Complaint. Plaintiff seeks to amend his original complaint and add causes of action arising under the recently enacted Ohio Uniform Fraudulent Transfer Act ("UFTA") O.R.C. § 1336.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(F) and (H).

In his memorandum in support of his motion, plaintiff asserts that he seeks to amend his complaint because discovery has uncovered certain facts which provide a basis for additional causes of action. Plaintiff grounds his motion on F.R.Civ.P. 15(a) which declares that "leave [to amend a pleading] shall be freely given when justice so requires."

Defendant, The Fifth Third Bank ("Bank") opposes the motion, saying that the proposed amended complaint does more than just add claims based upon discovery; it improperly adds new causes of action based upon provisions of the UFTA. The opposition to amendment of the complaint is limited to the addition of such new causes of action. We have concluded that the opposition of the Bank is well taken.

■ While the Ohio Supreme Court has never addressed the subject of retroactive application of the UFTA, its general position on the retroactive application of statutes is clear.

> The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply ... [W]here "there is no clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment."

*Van Fossen v. Babcock & Wilcox Co.* 36 Ohio St.3d 100, 522 N.E.2d 489, 495 (1988) (citing *Kiser v. Coleman,* 28 Ohio St.3d 259, 503 N.E.2d 753, 756 (1986)). This position echoes *Denicola,* an Ohio Supreme Court case which defendant cites in opposition to plaintiff's motion. As an answer, plaintiff cites three opinions, *Brougher v. Hotchkiss,* No. 90–G–1606, 1991 WL 216937, 1991 Ohio App. LEXIS 5177 (Ct. App. Oct. 25, 1991) *jurisd. motions overruled,* 63 Ohio St.3d 1432, 588 N.E.2d 132 (1992); *In re Harper,* 132 B.R. 349 (Bankr. S.D. Ohio 1991); and *Profeta v. Lombardo,* 75 Ohio App.3d 621, 600 N.E.2d 360 (Ct. App. Aug. 16, 1991), as cases in which the UFTA was constitutionally and properly applied retroactive.

While it is true that in both the *Brougher* and *Harper* cases there was retroactive application of the UFTA, neither case discusses the propriety of doing so. It would appear that the question of retroactivity was not presented to those courts.

■ While the *Profeta* case does discuss the reasons for a retroactive application of the UFTA, it entirely ignores the Ohio Supreme Court's position on retroactive application. In *Van Fossen,* the court explains that determination of the constitutionality of a retroactive application is a two-part test. First, the Court looks to the existence of a legislative intent to apply the statute retroactively. Second, the Court will determine if such an intent affects substantive rights, in violation of Section 28, Article II, of the Ohio Constitution. If retroactive application does affect substantive rights, duties, or obligations, then retroactive application is unconstitutional and inappropriate, in spite of the intent of the legislature. 522 N.E.2d at 495.

In *Profeta,* however, the only consideration of retroactivity focuses on whether the new UFTA affects substantive rights or only procedural rights. *Profeta,* 600 N.E.2d at 362–63. Under the Ohio Supreme Court's *Van Fossen* analysis, this question is to be entertained only after

consideration is given to whether the legislature has affirmatively indicated that the statute is to have retroactive application. In adopting the UFTA, the Ohio legislature was entirely silent on the issue of retroactive application. That being the case, it is improper to reach the matters dealt with in *Profeta* to reach decision. For that reason we decline to follow *Profeta*.

The Ohio Supreme Court's position on retroactive application of statutes in civil cases is consistent with that of the U.S. Supreme Court. "In apparent tension with the rule articulated in *Bradley* ... is our recent reaffirmation of the generally accepted axiom that '[r]etroactivity is not favored in the law ... [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.'" *Kaiser Aluminum v. Bonjorno*, 494 U.S. 827, 836, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988)). The reference to *Bradley v. School Board, City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) in the foregoing quotation exists as an exception to the general presumption against retroactive application of statutes. It is, however, not applicable here as *Bradley* permits retroactive application absent Congressional intent only where failure to do so would result in manifest injustice to one of the parties. 416 U.S. at 716, 94 S.Ct. at 2019. Clearly, these two situations do not exist.

Finally, in states which have recently enacted the UFTA, bankruptcy courts applying state law on the subject of conveyances have generally held that it would be unconstitutional and inappropriate to apply the UFTA retroactively. In one case, the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, citing *Kaiser Aluminum*, declared that:

> [W]ith the exception of a conclusory holding by the court in *In re Gherman*, 103 B.R. 326, 331 (Bankr.S.D.Fla.1989), contrary to holdings of two other bankruptcy judges in the same state, see *In re Smith*, 110 B.R. 597, 598–99 (Bankr. M.D.Fla.1990); and *In re Warner*, 83

B.R. 807, 809–10 (Bankr.M.D.Fla.1988), the courts of every jurisdiction which has considered the question have concluded that the replacement of the UFCA by the UFTA is to be accorded prospective effect only, i.e., the UFTA is applied only to alleged fraudulent transfers occurring after the effective date of the UFTA in that jurisdiction.

*In re Fleet*, 122 B.R. 910, 915 (1990).

Indeed, as the *Fleet* court notes, those courts which have held the UFTA to be retroactive in its application have decided such cases incorrectly and are not to be afforded precedential value. Given the clear position of the U.S. Supreme Court and by the Ohio Supreme Court, this same statement may be made with regard to the cases cited by plaintiff. They have little precedential value compared to the volume of precedent declaring the UFTA to be nonretroactive. *See, e.g., In re Martin*, 113 B.R. 949, 956 n. 2 (Bankr.N.D.Ill.1990), *vacated on other grounds*, 124 B.R. 69 (N.D.Ill.1991); *Blankenship v. Myers*, 97 Idaho 356, 544 P.2d 314, 324 (1975) (Uniform Fraudulent Conveyance Act held nonretroactive).

Having concluded that the UFTA may not be applied retroactively, the amended complaint, insofar as it adds causes of action under the UFTA, is not acceptable, and plaintiff's motion is overruled. Plaintiff shall have thirty (30) days in which to file an amended complaint consistent with the foregoing.

So Ordered.