OPINION
This is an appeal from the decision of the Richland County Common Pleas Court rendering judgment in favor of plaintiff-appellee, Shirley Sauder, assignee of Mansfield Fabricating Products, Inc. ("Mansfield Fab"). Also, the appeal includes an award of attorney fees based upon the finding of fraud by such court. The judgment as to compensatory and punitive damages was based upon a stipulation of facts. The determination of reasonable attorney fees was premised upon an evidentiary hearing. The facts in this case are as follows: Empire-Acoustical Systems, Inc. ("Empire") engaged the services of Mansfield Fab in late 1996 through May, 1997, to complete certain contractual work at its Mansfield location, utilizing Empire's machinery and equipment. Empire required such manufacturing services as it had terminated all of its employees. Mansfield Fab had prior business dealings with Empire over several years, at least from 1991, for which it was fully paid. In 1997, Empire transferred all of its assets, including the machinery and equipment at its Mansfield location to its three shareholders, Barbara McKeown, Patrick McKeown and Keith McKeown ("McKeowns"). All of such machinery and equipment were removed from the State of Ohio, either to Colorado or Texas. Such machinery and equipment was transferred subsequently to Empire International, Inc., a Texas corporation of which the McKeowns were principal shareholders. The transfer of such assets left Empire without sufficient assets to pay the $17,302.31 in billings of Mansfield Fab. Mansfield Fab filed suit versus Empire in Richland County Common Pleas Court (Case Number 97-696-D) on such invoices in August, 1997. Counterclaims based on defective work product were asserted. Judgment was rendered in favor of Mansfield Fab for the full $17,302.31 and interest. The counterclaims were determined to be meritless. Upon learning of the transfer of assets and uncollectibility of Empire, Mansfield Fab filed suit against Empire, the McKeowns and Empire International, Inc. for the judgment amount. Fraud was alleged, but the prayer was for only the prior judgment amount. Discovery problems occurred resulting in sanctions. On January 14, 2000, the trial date was set for March 3, 2000. An amended complaint was permitted and such was filed on January 18, 2000. The amended complaint was not significantly factually different from the original complaint, except that common law fraud was added as a count and punitive damages, attorney fees and re-transfer of the assets of Empire were requested. On February 11, 2000, defendants filed a motion for trial continuance. Such was denied. Defendants filed an affidavit and motion of disqualification of trial Judge DeWeese on February 25, 2000, with the Ohio Supreme Court under R.C. 2501.03. Such was rejected. There was also a late filing, as it was six (6) days prior to the March 3, 2000, trial date and such statute provides that seven (7) days prior to the next hearing is required. The case was tried on a stipulation of facts with judgment rendered in favor of appellee of the original $17,302.31, $15,000 punitive damages, attorney fees to be determined, approval of levying execution on the transferred assets, pursuant to R.C. 1336.07, and interest. Fraud under R.C. 1336.04 was found along with malice. Judgment included the McKeowns individually under R.C. 1336.08(B)(1). The transfer to Empire International, Inc. was voided as fraudulent under R.C. 1336.07. The court found that a finding of common law fraud was unnecessary, as the statutorily defined fraud was a sufficient determination. After a subsequent evidentiary hearing, with verification of time, services and reasonableness, attorney fees of $9,900, together with costs of $415.92, for a total of $10,315.92 were awarded. Defendants-appellants filed this appeal predicated on eight Assignments of Error as follows:
 ASSIGNMENTS OF ERROR: I. WHETHER THE TRIAL COURT'S FINDING OF FRAUD ON THE PART OF DEFENDANTS PURSUANT TO § 1336.04 OF THE OHIO REVISED CODE THEREBY PERMITTING AN AWARD OF PUNITIVE DAMAGES AND ATTORNEY FEES WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. WHETHER OHIO REV. CODE § 1336.08(B)(1) ALLOWING RECOVERY BY CREDITORS IS APPLICABLE TO A POTENTIAL CREDITOR, WHO HAS NOT PRESENTED A CLAIM AT THE TIME OF TRANSFER OF ASSETS, AND IF HE WERE TO PRESENT A CLAIM, SAID CLAIM WOULD BE CONTESTED. IN PARTICULAR, WHETHER § 1336.08(B)(1) IS APPLICABLE TO A POTENTIAL CREDITOR WHERE THE PARTY WHO TRANSFERS ASSETS HAS A COUNTERVAILING CLAIM AGAINST THE CREDITOR WHICH MORE THAN OFFSETS ANY CLAIM THE CREDITOR MIGHT RAISE.
 III. WHETHER THE DOCTRINE OF RES JUDICATA BARS JUDGMENT AGAINST A DEFENDANT RELEVANT TO A FRAUD CLAIM FIRST RAISED BY PLAINTIFF IN A COLLECTION CASE TO ENFORCE A PRIOR JUDGMENT WHERE ALL SUCH CLAIMS ALLEGEDLY AROSE IN CONNECTION WITH THE PRIOR CASE.
 IV. WHETHER THE TRIAL COURT SHOULD HAVE RECUSED ITSELF FOR DEMONSTRATING BIAS IN FAVOR OR PLAINTIFF AND AGAINST DEFENDANTS THEREBY DEMONSTRATING AT LEAST THE APPEARANCE OF IMPROPRIETY.
 V. WHETHER THE TRIAL COURT INCORRECTLY AND PREJUDICIALLY DENIED DEFENDANTS' CONTINUANCE AND DISCOVERY MOTIONS WHILE REPEATEDLY GRANTING THE SAME OR SIMILAR MOTIONS MADE BY PLAINTIFF THEREBY EFFECTIVELY DENYING THEM APPROPRIATE TIME TO PREPARE A MEANINGFUL DEFENSE TO NEWLY RAISED ALLEGATIONS OF FRAUD.
 VI. WHETHER THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS' MOTIONS BY SELECTIVELY APPLYING LOCAL CIVIL RULES IN CONFLICT WITH THE OHIO RULES OF CIVIL PROCEDURE AND ARTICLE IV, SECTION 5 OF THE CONSTITUTION OF THE STATE OF OHIO.
 VII. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANTS' MOTION FOR NEW TRIAL.
 VIII. WHETHER ATTORNEY FEES AWARDED IN A CASE THAT THE PREVAILING PARTY WILL COMPENSATE COUNSEL THROUGH A CONTINGENT-FEE ARRANGEMENT AWARD IMPROPERLY RESULT IN AN EXCESSIVE AWARD AGAINST DEFENDANTS.
 I.
The first Assignment of Error deals with manifest weight of the evidence. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. In Locafrance United States v. Interstate Distributions Services, Inc. (1983), 6 Ohio St.3d 198, the Ohio Supreme Court ruled that common law remedies including the law of fraud, may be applied when appropriate in fraudulent cases pursuant to R.C. 1336.11. This section was found to permit application of the law of fraud which allows punitive damages and attorney fees, even though such are not specifically authorized by R.C.1336.09 or 1336.10. The badges of fraud include inadequate consideration, transfer of debtor's estate, transfer resulting in insolvency, relation of the parties to transfer and threat or pendency of litigation. Cardiovascular and Thoracic Surgery of Canton, Inc. v. DiMazzio, et al.(Fifth District), 37 Ohio App.3d 162; Profeta v. Lombardo (1991), Lake 75 Ohio App.3d 621. Appellant claims that because appellee knew of the relocation to Colorado of the physical assets, that this knowledge encompassed an understanding that appellant was transferring ownership not merely assets, thereby rendering itself insolvent as to appellee, conduct which was intentional and deliberate. The trial court had competent, credible evidence to construe otherwise and found punitive damages and attorney fees warranted. The first Assignment of error is overruled.
 II.
The second Assignment of Error references the question as to whether appellee was a creditor at the time of transfer of assets, particularly given the fact that counterclaims were asserted in the 1997 suit. The result of this argument is that a debtor (Empire) could assert a fraudulent counterclaim solely to defeat a creditor's (Mansfield Fab) status. The trial court in the original 1997 suit determined that the counterclaims lacked merit. Though this is hindsight, the effect is that such claims were, in reality, nonexistent. Therefore, the contention that Mansfield Fab was not a present creditor at the transfer of assets is not well taken. The second Assignment of Error is, therefore, rejected.
 III.
The third Assignment of Error is predicated on res judicata. The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Norwood v. McDonald (1943), 142 Ohio St. 299, 305, and Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227, both citing 30 American Jurisprudence, 908, Section 161. It must be noted that the 1997 action was a suit for money damages arising from invoices for work and material. The action sub judice is essentially one of fraud based on conduct of the appellees to place recovery beyond the reach of Mansfield Fab for their own financial benefit. Had evidence of knowledge of appellee of the fraudulent transfer of asset ownership at the filing of the original suit, it might be argued that joinder of the fraudulent claim was necessary, but the court did not so find. The court finds the doctrine of res judicata is not applicable to this cause, even though pled as an affirmative defense to the amended complaint. The third Assignment of Error is denied.
 IV.
The fourth Assignment of Error resurrects the recusal issue. In addition to the fact that adequate time was available to comply with R.C. 2501.03 prior to the March 3, 2000 trial date and late filing occurred, the Ohio Supreme Court, in rejecting the motion and affidavit, has foreclosed this avenue absent subsequent bias or prejudicial conduct by the trial judge, which is not present here. This court rejects the fourth Assignment of Error.
 V.
The fifth Assignment of Error, to the extent it encompasses judicial prejudice claims forming additional basis for the fourth Assignment of Error, is rejected. The court notes that the trial assignment of March 3, 2000, was established on January 14, 2000, (appellee asserts this was by agreement, but this court finds no agreement in the record). Appellant asserts a lack of time opportunity to respond appropriately to the amended complaint. However, two aspects of the cause negate such complaint. First fraud was alleged in the initial complaint, not newly raised, and the operative facts behind such initial allegations and those of the amended complaint did not change. Secondly, the case was submitted on a stipulation of facts. A decision to grant or deny a continuance is within the court's discretion and will not be reversed unless the court abused its discretion. The term "abuse of discretion" connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The court finds no abuse of discretion, and the fifth Assignment of Error is rejected.
 VI.
The sixth Assignment of Error raises the fact that Civ.R. 37(E) requires a statement supporting efforts to resolve discovery issues, while Richland County Common Pleas Loc.R. 1.06 requires an affidavit. This court finds no significant difference or inconsistency. The affidavit merely requires that the statement under Civ.R. 37(E) be under oath. No constitutional deprivation of rights exists, due to the court's enforcement of the known local rules. The sixth Assignment of Error is found wanting and, therefore, overruled.
 VII.
The seventh Assignment of Error is applicable to the denial of the motion for a new trial. Civ.R. 59 forms the basis for a ruling. Nothing in such rule, in addition to the grounds heretofore raised, supports this Assignment of Error, and this court disagrees with this Assignment of Error and overrules same.
 VIII.
As to the eighth Assignment of Error, the Magistrate's decision, as approved, rejected reliance on the contingent fee contract and required proof of actual hours and services provided. Malice was found and fraud was found. Attorney fees were a proper subject of damages under such findings. There was no inconsistency with Landis v. Grange Mutual Insurance Company (Erie County), Case No. E-96-034. For the foregoing reasons, this eighth Assignment of Error is also rejected, along with Assignments of Error I through VII, inclusive, and the judgment of the Richland County Common Pleas Court is affirmed.
 ____________ Boggins, J.
Hoffman, P.J. and Wise, J. concur.