### URSAK v SIVANICK et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15832.   Decided March 22, 1937

A. W. Lowenthal, Cleveland, for plaintiff-appellee.

Copperman, DeBard & Greenwood, Cleveland, for defendant-appellants.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

### OPINION

By LEMERT, J.

Plaintiff bases her instant cause of action against the defendants, on a note executed by the defendants, Jacob Sivanick and Katie Sivanick on June 20th, 1921, in the sum of $1900.00 and made due and payable in 1926. On April 24, 1934, the plaintiff reduced said note to judgment in the sum of $1905.00 in the Municipal Court of the city of Cleveland by virtue of a warrant of attorney thereto annexed. Thereupon, on good cause shown after hearing, said court ordered the operation of said judgment suspended and gave the defendants leave to answer thereto, whereupon the defendants filed their answer of confession and avoidance based upon payment. The cause then came on for hearing regularly on its merits with the intervention of a jury, at which time the court vacated the judgment theretofore rendered and the jury returned a verdict for the plaintiff. The court then rendered judgment thereon on March 27, 1936, in favor of plaintiff, and against the defendants for the sum of $1943.99.

The plaintiff in the instant case brings her action to set aside a claimed fraudulent conveyance made by the defendants to their son, which conveyance was made on March 7, 1934, of one parcel of real estate, and on March 13, 1934, of another parcel of real estate, the claim being made by plaintiff that said conveyances were made by defendants with attempt to hinder, delay and defraud their creditors and that the conveyances made to said son were fraudulent and not for a valuable consideration.

The record discloses that the defendant grantors were the owners of two pieces of income producing property, with an equity

of approximately $4700.00. This property, the record discloses, was paying its way from rentals. A few days after the grantors were notified that they were going to be sued on the $1900.00 note, and a few days before they were actually sued, they transferred their equity in these two pieces of property to a minor son, illegally, in consideration for $2500.00, $1500.00 of which representing earnings of the minor son which they had already used years before, but which, according to law, belonged to the father' and mother, and for $1000.00 of which consideration was represented by payments of $40.00 to $50.00 per month made after the transfer but no record of these payments was kept by either the parents or the son. We note from the record that the son was receiving a wage of $18.00 per week. The record fails to disclose any reason for transferring the property to their son except for one reason which was to put the property beyond the reach of the plaintiff, a creditor. The $1000.00 payments made by the son was not in addition to the parents estate as it could have been made out of the excess of rentals left after payments on the mortgage and taxes. The father and mother did not benefit by any extent whatever by this transfer. They relieved themselves of no burden; the fact being that before the transfer they were solvent and by this transfer, according to their own testimony, they deeded away to their son all of the assets which they owned, leaving themselves totally insolvent.

There are but two questions of law involved in this case.

First, whether it was necessary for the plaintiff to prove fraudulent intent or knowledge on the part of the grantee.

Second, whether it was necessary for plaintiff to prove that the grantors had the actual intention of defrauding the plaintiff when making the conveyances.

It is a well settled rule of law in Ohio that

"A voluntary conveyance by an indebted parent to his child is presumptively fraudulent. It is said that a voluntary conveyance by a father in embarrassed circumstances, to an infant child is, on its face, fraudulent against creditors." **19 Ohio Jurisprudence, 769.**

So, that on the first question, whether it was necessary to prove fraudulent intent on the part of the grantee the law of Ohio is to the effect that if the conveyance be voluntary the fraud or knowledge of the grantee is immaterial. Counsel for the appellant calls attention to the General Code, §11105 GC making knowledge of fraudulent intent material on the part of the grantee but the instant case was filed under §8618 GC, under which section the knowledge of intent of the grantee is immaterial.

See **Huwe v Knecht, 10 Oh Ap 487, 19 Ohio Jurisprudence 761.**

As to the second proposition, we cite Bell v Hallenbeck, Wright's Ohio Decisions, 751:

"When the father takes the earnings of minor children, they belong to him absolutely, and though he invests them in the purchase of land in the children's names, his creditors can reach the property." 27 Corpus Juris 570:

"Since a father is entitled to the earnings of his minor child unless emancipated, the receipt by him of such earnings is not, where there had been no emancipation before the earnings were made, a sufficient consideration to support a conveyance by the father to the child as against the father's creditors. There is no obligation to return to the child money so received."

Again quoting from the same authority:

"Where a father being insolvent, made a deed of land to his minor son and received from him in part payment money which he had earned as wages, and his note for the residue of the price, the deed was fraudulent and void as against the father's creditors, since the money so received by the father belonged to him."

Taking into consideration the above authorities it was not necessary to prove that the grantee had a fraudulent intention or knew of the grantors fraudulent intention, since he was merely a volunteer, not a purchaser. So the record before us shows that the transfer in this case was made a very few days before a judgment was taken against the grantors at a time when grantors knew a judgment was going to be taken and that the transfer left the grantors absolutely insolvent, devoid of any other property or assets.

We are of the opinion that the transfer of the property in this case was made only for the purpose of defeating the collection of the $1900.00 note upon which they were expecting the plaintiff to take judgment.

It follows then that there will be a decree for the plaintiff. The entry will be made accordingly.

Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur in judgment.