TRI–STATE VEHICLE LEASING, INC., Plaintiff Below, Appellant,

v.

Harry H. DUTTON, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: May 9, 1983.
Decided: May 23, 1983.

John H. Sergovic, Jr. (argued), Tunnell & Raysor, Georgetown, for appellant.

William M. Chasanov (argued), and Gary F. Traynor, Brown, Shiels, & Chasanov, Dover, for appellee.

Before HERRMANN, C.J., McNEILLY, and CHRISTIE, JJ.

PER CURIAM:

Appellant, Tri-State Leasing, Inc., contends that the trial court improperly allocated the burden of proof as to a fraudulent transfer. Thus, the standard of review here is for an error of law.

The undisputed facts are as follows: Appellant, Tri-State Vehicle Leasing, Inc., had a valid foreign judgment in the amount of $14,606.74 against appellee, Harry H. Dutton. This debt was incurred by Harry H. Dutton as a result of the breach of a lease agreement for a vehicle used in his business, Dutton Trucking. Harry H. Dutton transferred the ownership and assets of Dutton Trucking to his son, D. Dutton, after Tri-State filed the judgment in Delaware but prior to actual entry of the judgment by the Superior Court. The transfer was made by a written instrument which recited no consideration and which expressly excluded liability for Harry H. Dutton's "debts, notes, assets or finances." Harry H. Dutton was rendered insolvent by this transfer and Tri-State was unable to find assets on which to execute its judgment. Tri-State garnished proceeds payable to Dutton Trucking under a contract that was created and performed after the change in ownership of Dutton Trucking. Harry H. Dutton brought a rule to show cause why the attachment should not be vacated.

Tri-State argued in the Superior Court that the intra-family transfer of the business was fraudulent as to creditors and established, through D. Dutton's testimony, that the value of the transferred assets exceeded the amount of their encumbrances. Harry H. Dutton and D. Dutton responded that although consideration was not recited, fair consideration was furnished by D. Dutton's assumption of responsibility for lease-purchase payments for some of the transferred assets.

The Superior Court vacated the attachment, finding that "there is insufficient evidence to prove that any real assets with value were transferred without fair consideration." Tri-State has appealed, contending that the Superior Court improperly allocated the burden of proof as to the existence of fair consideration.

The determination of whether a conveyance is fraudulent is controlled by 6 *Del.C.,* c. 13. "Insolvency" is defined as being without assets to pay the probable liability on existing debts as they become absolute or matured. 6 *Del.C.* § 1302. A voluntary conveyance which renders a party insolvent is fraudulent "without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." 6 *Del.C.* § 1304.

The test of a fraudulent conveyance contains two steps: a determination of (a) whether the transfer was made for less than fair consideration, and (b) whether the transferor is rendered insolvent as a result of the transfer. *United States v. West,* D.Del., 299 F.Supp. 661, 665 (1969). In the case of a voluntary transaction between blood relatives where collusion is difficult to prove, a rebuttable presumption of fraud arises if this test is met. *Id.; see also Richards v. Jones,* Del.Ch., 142 A. 832, 835 (1928); *Hull v. Hudson,* Del.Ch., 80 A. 674, 677 (1911). The party asserting the validity of the transfer must demonstrate that he was either solvent after the transaction or that fair consideration was paid. *United States v. West,* 299 F.Supp. at 664–665; *see also Faircloth v. Rash,* Del.Super., 373 A.2d 870, 873 (1977); *Mitchell v. Wilmington Trust Co.,* Del.Ch., 449 A.2d 1055, 1060 (1982); *Richards v. Jones,* 142 A. at 835.

Tri-State met its burden. It established a *prima facie* case of fraud by show-

ing that the transaction was a voluntary transfer to a family member, that the value of the transferred assets exceeded their encumbrances, and that Harry H. Dutton was left insolvent as a result of the transaction. Harry H. Dutton failed to rebut the presumption raised by this evidence. It was his burden to demonstrate that there was fair consideration for the transfer. The record does not disclose that he did so.

Thus, the Superior Court erroneously allocated the burden of proof on the issue of fair consideration, and its decision must be reversed. However, the case will be remanded for further proceedings consistent with this opinion in order to allow H. Dutton an opportunity to rebut the presumption established by Tri-State.

\* \* \*

Reversed and Remanded.