CARDIOVASCULAR & THORACIC
SURGERY OF CANTON, INC.,
APPELLANT, *v.*
DIMAZZIO ET AL., APPELLEES.

(No. CA-6992—Decided
April 6, 1987.)

*Krugliak, Wilkins, Griffiths &
Dougherty Co., L.P.A.,* and *Russ Kendig,* for appellant.
*Ralph W. Ross,* for appellees.

MILLIGAN, P.J. Plaintiff-appellant, a medical services provider, rendered medical services for the defendant-appellee in 1981. Appellant sued appellee for lack of payment and, on July 11, 1983, obtained judgment against appellee for such services.

In November 1983, appellant filed suit to collect on this judgment and set aside a conveyance. On July 19, 1984, appellant filed an amended complaint sounding in fraud.

The amended complaint alleged that at the time of the services, the appellee, Sophie V. DiMazzio, owned real estate in Massillon, Ohio; that the real estate was fraudulently and without consideration transferred to her daughters (also named as defendants) on June 11, 1982; that the transfer was in anticipation of the legal action for medical services; and that the appellee was rendered insolvent by the transfer.

At the conclusion of the appellant's evidence, the trial court sustained a motion to dismiss. In its judgment, the court made separate findings of fact and conclusions of law.

The court found and ordered, among other things:

"5. There arose a dispute relative to treatment sometime after defendant's release from the hospital in December, 1981.

"6. On June 11, 1982 defendant transferred to her daughters real property known as Lot #5766 in the City of Massillon, Stark County, Ohio retaining a life estate in the premises and the right to remain there for the rest of her life.

"7. The daughters paid off the mortgage on the house and repaired the house and [have] provid[ed] for all the maintenance of this house to th[e] present time.

"* * *

"CONCLUSIONS OF LAW:

"1. The Court finds as a matter of law there was fair and adequate consideration for the conveyance in 1982 of the defendant to her daughters.

"2. The Court finds as a matter of law that the plaintiff has failed to prove under Ohio Revised Code Chapter 1336 that there was a lack of fair consideration and, therefore, the subject matter of this conveyance is not found to be fraudulent."

From this adverse judgment, the plaintiff appeals, assigning four errors:

### Assignment of Error No. I

"The trial court erred in granting defendants' motion for directed ver-

dict because the plaintiff proved all [the] elements of a right to relief and thus a dismissal pursuant to Rule 41(B)(2) is improper."

### Assignment of Error No. II

"The trial court erred in granting defendants' motion for directed verdict and failing to find for plaintiff because the court erroneously assigned the burden of proof of fair consideration to the plaintiff."

### Assignment of Error No. III

"The trial court erred in granting defendants' motion for directed verdict and [in] failing to find for plaintiff because the court considered legally insufficient evidence as proof of fair consideration."

### Assignment of Error No. IV

"The trial court erred in granting defendants' motion for directed verdict and [in] failing to find for plaintiff because the court failed to consider any grounds for relief under R.C. 1336.07."

### I

The appellant correctly points out that the trial court's consideration of the defendants' motion at the conclusion of the plaintiff's case in this nonjury matter was incorrectly identified as a motion for directed verdict. More properly, the motion was for dismissal pursuant to Civ. R. 41(B)(2).[1]

We thus review the matter with a view to determine whether the plaintiff has "shown no right to relief." Civ. R. 41(B)(2).

Our ruling on the first assignment of error is inextricably bound to a consideration of the second and third assignments of error.

### II

The second assignment of error depends, for its integrity, on the language of the trial court's Conclusion of Law No. 2, "that the plaintiff has failed to prove under Ohio Revised Code Chapter 1336 that there was a lack of fair consideration * * *."

Simply stated, appellant claims that under the Uniform Fraudulent Conveyance Act, a claimant need only establish certain threshold facts, at which point the burden of proof shifts to the transferor-debtor (DiMazzio) to demonstrate that the transfer was not a fraud on creditors.

R.C. 1336.04, conveyances resulting in insolvency, labels certain transfers fraudulent without regard to actual intent:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

R.C. 1336.06, debts incurred beyond ability to pay, recites:

"Every conveyance made and every obligation incurred without fair consideration, when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to

---

[1] Civ. R. 41(B)(2) provides:

"Dismissal; non-jury action. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party."

pay as they mature, is fraudulent as to both present and future creditors."

The threshold requirements of R.C. 1336.04 are threefold: (1) a conveyance is made; (2) the conveyor is rendered insolvent as a result of the conveyance; and (3) the conveyance is made without "a fair consideration."

The trial court found the conveyance to have been made. However, the court made no finding with respect to whether the transfer rendered the conveyor insolvent. By like token, the appellees do not refute the record references demonstrating insolvency.

Thus, the case turns on the issue of fair consideration.

"Fair consideration is given for property, or obligation:

"(A) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or

"(B) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained." R.C. 1336.03.

The trial court found that there was fair consideration for the conveyance as a matter of law.

Appellant argues that the finding is fractured by the court's indication that the plaintiff-appellant had the burden of proving lack of fair consideration. Appellant argues that if the court had levied the burden of proving fair consideration upon the defendants-appellees, the results, upon the motion to dismiss, would have been different.

The burden-of-proof issue is one of first impression in Ohio. Prior to the Uniform Act, an Ohio appellate court noted that a voluntary conveyance by an indebted party to his child is presumptively fraudulent. *Ursak* v. *Sivanick* (1937), 56 Ohio App. 434, 436, 24 Ohio Law Abs. 458, 459, 9 O.O. 217, 218-219, 10 N.E. 2d 1017, 1018. See, also, *Natl. City Bank Master Charge* v. *Greif* (Apr. 17, 1986), Cuyahoga App. Nos. 50410 and 50412, unreported.

The general rule is that in an action to set aside a conveyance as fraudulent, the burden of proof rests upon the plaintiff to prove the existence of fraud, specifically, by showing that there was not fair consideration. 24 Ohio Jurisprudence 3d (1980) 558, Creditors' Rights, Section 883; 37 American Jurisprudence 2d (1968), Fraudulent Conveyances, Sections 216 and 217.

"In order to establish a fraudulent conveyance under either R.C. 1336.04 or 1336.05, a creditor must prove that the debtor was insolvent or would be made so by the transfer in issue and that the transfer was made without fair consideration. If both of these burdens are met, the transfer is fraudulent as a matter of law. Neither the intent of the debtor nor the knowledge of the transferee need be proven. *Cellar Lumber Co.* v. *Holley* (1967), 9 Ohio App. 2d 288 [38 O.O. 2d 341]." *Sease* v. *John Smith Grain Co.* (1984), 17 Ohio App. 3d 223, 225, 17 OBR 489, 492, 479 N.E. 2d 284, 288.

See, also, *Investors REIT One* v. *Jones* (Nov. 10, 1983), Franklin App. Nos. 82AP-626 and 82AP-664, unreported, at 11 ("In order to establish that the release was a fraudulent conveyance, plaintiff must prove both that the release was made without fair consideration and that * * * [the debtor-transferor] was thereby rendered insolvent."); *Stahl Associates, Inc.* v. *Brumbaugh* (Feb. 12, 1982), Wood App. No. WD-81-49, unreported (directed verdict was proper since creditor presented no evidence to show a lack of fair consideration).

However, this burden may be shifted to the debtor-defendant:

"Although the ultimate burden of

proof in an action to set aside a fraudulent conveyance rests upon the party who has the affirmative, the proof of indicia or badges of fraud may give rise to an inference or presumption which 'shifts' the burden of proof — that is, which makes it incumbent upon the transferee or defendant to go forward with the proof and explain the transaction. * * *'' (Footnotes omitted.) 24 Ohio Jurisprudence 3d (1980) 559, Creditors' Rights, Section 884. See, also, 37 American Jurisprudence 2d (1968) 873, Fraudulent Conveyances, Section 217.

"Badges of fraud" are circumstances so frequently attending fraudulent transfers that the inference of fraud arises from them. See 24 Ohio Jurisprudence 3d (1980) 422, Creditors' Rights, Section 754; *In re Estate of Reed* (Wyo. 1977), 566 P. 2d 587, 589. These badges of fraud include inadequate consideration; transfer of the debtor's entire estate; the debtor's insolvency as a result of the transfer; the relationship of the parties to the transfer; the reservation of an interest in the transferred property; and a threat or pendency of litigation. See *In re Maston* (S.D. Ohio 1984), 44 Bankr. 880, 882-883 (applying Ohio fraudulent conveyances law); 24 Ohio Jurisprudence 3d (1980), Creditors' Rights, Sections 755-759.

In the case *sub judice,* appellant presented a number of badges of fraud. Appellee transferred her entire estate to her daughters. The transfer left her insolvent. She was aware of appellant's efforts to collect the debt, and that legal action would no doubt be initiated if she continued to refuse to pay it. In addition, appellee retained a life estate in the transferred property. The combination of these badges of fraud is sufficient to demonstrate fraud. *In re Poole* (N.D. Ohio 1981), 15 Bankr. 422, 431-432. See, also, *Bentley* v. *Caille* (1939), 289 Mich. 74, 286

N.W. 163 (insolvency, combined with the preservation and retention of life use of property conveyed, is a most impelling indication of fraud). Thus, the burden of proving fair consideration in the instant case shifted to appellees.

Our decision is consistent with that reached in other jurisdictions. See R.C. 1336.12 ("* * * general purpose [of Fraudulent Conveyance Act is] to make the law of this state uniform with the law of those states which enact similar legislation"). See, *e.g., United States* v. *Thomassen* (D. Neb. 1985), 610 F. Supp. 386, 393, fn. 4 (applying Nebraska law); *United States* v. *West* (D. Del. 1969), 299 F. Supp. 661, 665 (applying Delaware law); *In re Colandrea* (D. Md. 1982), 17 Bankr. 568, 579-580 (applying applicable Maryland law); *Tri-State Vehicle Leasing, Inc.* v. *Dutton* (Del. 1983), 461 A. 2d 1007, 1008; *Snyder Electric Co.* v. *Fleming* (Minn. 1981), 305 N.W. 2d 863, 867-868; *Stinner* v. *Stinner* (1982), 300 Pa. Super. 351, 446 A. 2d 651, 652; *Nashville Milk Producers, Inc.* v. *Alston* (1957), 43 Tenn. App. 257, 270, 307 S.W. 2d 66, 71; *In re Estate of Reed, supra,* 566 P. 2d at 590-591. See, generally, *McLaughlin,* Application of the Uniform Fraudulent Conveyance Act (1933), 46 Harv. L. Rev. 404, 426.

"* * *Rather than requiring the creditor to establish by a preponderance of the evidence both that the conveyance was not for fair consideration and that the debtor was insolvent at the time of the conveyance or rendered insolvent by the conveyance, it is anticipated that the Delaware courts would rely upon one of two prevalent rules regarding such family transactions: (1) that a conveyance by a debtor, when proven to have been voluntary, is presumed fraudulent unless the defendant (intervenor here) 'rebuts it [the presumption] with evidence *tending to show* that the

donor's remaining property was sufficient to pay his debts' * * *; or (2) that once a family transfer by a debtor is proven the defendant (intervenor) must show by *clear and satisfactory evidence* the solvency of the debtor at the time of the conveyance *or* the fairness of the consideration paid in order to dispel the presumption of fraud. * * *" (Emphasis *sic.*) *United States* v. *West, supra,* 299 F. Supp. at 665.

"* * * Since * * * [creditors] are aided by a presumption of lack of consideration for any transaction they can prove occurred between * * * [related parties], they need only prove lack of fair consideration if * * * [the debtor] produce[s] evidence rebutting that presumption. * * *" *Snyder Electric Co.* v. *Fleming, supra,* 305 N.W. 2d at 867-868.

Appellees cite no authority to the contrary.

We conclude that the trial court erred in placing the burden of proof of the issue of fair consideration upon the plaintiff-appellant.

If this case had been tried to a jury and the trial court had charged the jury that the plaintiff had the burden of proving that the transfer was for fair consideration, that charge would have been prejudicially erroneous. Where the court, sitting without a jury, establishes the same criteria, it is prejudicial error.

The first and second assignments of error are sustained.

### III

There was credible evidence from which a factfinder, given the proper legal standard, could find fair consideration for the transfer.

The third assignment of error is overruled.

### IV

The record does not support the claim of the fourth assignment of error, *i.e.,* that the trial court failed to consider R.C. 1336.07.

The fourth assignment of error is overruled.

The judgment of the Stark County Court of Common Pleas is reversed, and this cause is remanded to the trial court for a new trial consistent with the appropriate burden of proof as enunciated in this opinion.

*Judgment reversed and cause remanded.*

HOFFMAN and WISE, JJ., concur.