983 F.2d 1068
 RICO Bus.Disp.Guide 8215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NCR CORPORATION, Plaintiff-Appellee,
v.
Edward J. FELTZ, Stella Feltz, Trans Data Communications,
Inc., Sam Cummins, John Cunningham, Jeanette C. Gage,
Research Investments, Inc., Harold Cunningham, Visumatic
Industrial Products, Inc., Ann C. Burns, Ross Cunningham,
Defendants-Appellants.
 Nos. 91-4011, 91-4033 and 91-4058.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants[1] appeal the district court's preliminary injunction in favor of Plaintiff NCR Corporation ("NCR"), enjoining Defendants from transferring or disposing of any of their assets, except as to "normal day-to-day" transactions.
 
 
 2
 The issue is whether, under Fed.R.Civ.P. 65(b), sufficient evidence supports the issuance of a preliminary injunction, specifically: (1) whether Defendants knowingly defrauded NCR; (2) whether NCR had inadequate legal remedies, including pre-judgment attachment; (3) whether Defendants' assets were improperly frozen, without proof of tracing, for the purposes of a constructive trust; and (4) whether an individual Defendant's salary was improperly sequestered. For the following reasons, we AFFIRM the district court.
 
 I.
 
 3
 NCR filed a federal Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961 et seq.) action against Defendants. Later, NCR filed its third amended complaint against Edward J. ("Ed") Feltz, Stella Feltz, Sam Cummins (perhaps an alias of Ed Feltz), Ann Burns, Ross Cunningham, Dr. John Cunningham, Jeanette C. Gage, Research Investments, Inc., Trans Data Communications, Inc., Harold Cunningham, and Visumatic Industrial Products, Inc. Ed Feltz, a former NCR employee, is Stella Feltz's husband. Stella Feltz, Dr. Cunningham, Jeanette Gage, Harold Cunningham, Ross Cunningham, and Ann Burns are siblings. Gage is the Secretary-Treasurer of Trans Data and the President of Research. Harold Cunningham is the President and sole shareholder of Visumatic and the President of Trans Data. Ed Feltz was on Trans Data's initial Board of Directors. According to NCR, Defendants controlled corporations that were essential in perpetrating the fraudulent schemes.
 
 
 4
 Ed Feltz, Stella Feltz, Harold Cunningham and Jeanette Gage were charged in a parallel criminal case in the United States District Court for the Southern District of Ohio. Mrs. Feltz was also a fugitive when the briefs were filed in the spring of 1992. In addition, there is great diversity in the residences of the defendants, as they are from Ohio, Georgia, Kentucky, and Tennessee.
 
 
 5
 The third amended complaint includes a federal RICO claim, a state RICO claim, and a state fraud and fraudulent conveyance claim, and seeks equitable remedies of a constructive trust, an accounting, and a preliminary injunction. The district court issued a temporary restraining order that prevented Defendants from transferring or disposing of any of their assets, except normal day-to-day transactions that do not exceed $500.00. Then, the Magistrate Judge recommended that the district court grant NCR's preliminary injunction motion. The district court adopted the Magistrate's Report and issued a preliminary injunction to prevent Defendants from dissipating and concealing their assets pending trial.
 
 
 6
 NCR presented evidence at the preliminary hearing of the following schemes. First, the evidence showed that Ed Feltz, while a NCR employee, fraudulently induced NCR to pay thousands of dollars for market studies which NCR never received, and Defendants were benefitted by the transaction. Second, at the insistence of Ed Feltz, NCR paid its agent, Professional Marketing Corporation, Inc. ("PMCI"), $127,000 for 32,000 calculators to be used in an NCR promotional campaign. PMCI, acting on NCR's behalf, purchased calculators at approximately $4.00 per calculator from Trans Data and Visumatic. Without PMCI's and NCR's knowledge, Trans Data and Visumatic purchased the calculators from IMI Corp. at $2.00 per calculator and Defendants earned a 100% profit on the calculators at NCR's cost. Third, Ed Feltz controlled Matloc, a sham corporation, and he persuaded NCR to contract with and pay Matloc in excess of $30,000 for advertising and marketing goods and services that were never performed or received. However, if any goods were received, they were inferior or overpriced. Fourth, a private investigator traced the funds defrauded from NCR through Defendants' corporations and bank accounts to the Business Associates account, then to the construction of the Stroop Road house. Specifically, from December 1985, through May 1987, approximately $243,000 was withdrawn from the Business Associates account for construction of the Stroop Road house in Kettering, Ohio. Fifth, after NCR discovered the fraud, Defendants attempted to cover up their schemes and conceal their assets from NCR. After NCR filed its complaint, but before it sought a temporary restraining order, Dr. Cunningham transferred approximately $794,000 to Gage between August 1987 and December 1987.
 
 II.
 
 7
 This court reviews a district court's preliminary injunction decision only for an abuse of discretion. International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992). The court is required to consider whether: (1) there is a likelihood of success on the merits; (2) irreparable injury will occur absent the injunction; (3) the preliminary injunction could harm third parties; and (4) the public interest would be served by the injunction. International Resources, 950 F.2d at 302. Generally, an injunction should not issue if an adequate legal remedy exists. EBSCO Indus., Inc. v. Lilly, 840 F.2d 333, 335 (6th Cir.), cert. denied, 488 U.S. 825 (1988).
 
 III.
 
 8
 NCR has demonstrated its likelihood of success on the merits of the RICO claim, as well as on the state RICO and fraud claims, as the evidence showed that defendants: (1) defrauded NCR of hundreds of thousands of dollars; (2) engaged in a series of deceptive and complex transfers of assets; (3) began to dissipate assets after NCR filed suit; and (4) continued to dissipate assets after the district court granted a prejudgment attachment order. Second, the irreparable harm to NCR from defendants' concealment and dissipation of assets outweighed defendants' desire to continue unrestricted intra-family transfers. Third, failure to issue the preliminary injunction could harm third parties, including creditors of defendants. Fourth, the public interest would be served by issuing the injunction, as the injunction is necessary to prevent multi-state fraudulent schemes and to prevent the deprivation of remedies to NCR. Accordingly, the district court did not abuse its discretion in issuing the preliminary injunction. Fed.R.Civ.P. 65.
 
 IV.
 
 9
 "[A]ll remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed.R.Civ.P. 64. Applying Ohio law, as an attachment proceeding is a "creation of statute[ ]," it is deemed a legal rather than an equitable remedy. See Haines v. Public Finance Corp., 218 N.E.2d 727, 729 (Ohio Ct.App.1966).
 
 
 10
 NCR argues that Ohio's attachment statutes provide inadequate relief, as they do not apply to assets located outside of Ohio. Thus, delay in initiating an attachment proceeding in each state where assets are located will afford additional time to Defendants to dissipate assets. We agree. The district court did not abuse its discretion in determining that a lis pendens notice is an inadequate legal remedy, as: (1) the value of the Stroop Road house may be insufficient to reimburse NCR for its restitutionary and fraudulent conveyance claims; and (2) Ohio's lis pendens statute applies only to real property and other unidentified assets may be involved. Thus, NCR's rights to other assets or an accounting of profits obtained by Defendants through the sale of property which may be subject to a constructive trust would not be adequately protected. EBSCO Indus., 840 F.2d at 335-36; (citing USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94, 99 (6th Cir.1982)).
 
 V.
 
 11
 "Pending final determination of a civil proceeding initiated under this section, the court may issue a ... preliminary injunction upon a showing of immediate danger or significant injury to the plaintiff, including the possibility that any judgment for money damages might be difficult to execute." Ohio Rev.Code § 2923.34(E). "The power of the district court to preserve a fund or property which may be the subject of a final decree is well established." USACO Coal, 689 F.2d at 97.
 
 
 12
 Defendants argue that the preliminary injunction restricts assets that do not include NCR's restitution and constructive trust claims. However, the preliminary injunction does not create a fund to secure a money judgment, but preserves NCR's restitutionary rights and prevents potential fraudulent transfers. See Cardiovascular & Thoracic Surgery, Inc. v. DiMazzio, 524 N.E.2d 915, 918-19 (Ohio Ct.App.1987). Thus, NCR may be able to recover assets through Ohio's equitable fraudulent conveyance statutes. See USACO Coal, 689 F.2d at 99.
 
 VI.
 
 13
 Even though "[a]n attachment against the personal earnings of a defendant may be granted only after a judgment has been obtained by the plaintiff and only through a proceeding for garnishment of personal earnings," Ohio Rev.Code § 2715.01(C), the district court did not abuse its discretion in freezing Dr. Cunningham's personal earnings before judgment was obtained. Defendant never sought a modification of the original temporary restraining order based on the personal earnings exemption and the court demonstrated a willingness to modify the judgment.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Defendants Edward J. Feltz, Stella Feltz, Ann C. Burns, Ross Cunningham, and Sam Cummins did not appeal the preliminary injunction