47 F.3d 1172
 75 A.F.T.R.2d 95-1062
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn G. WEBER; Harold G. Weber; Patricia Spine, Trustee,
Defendants-Appellants,
James D. Fisher, Trustee of the Weber Family Trust; George
Thiel, Trustee of the Weber Family Trust, Defendants.
 No. 94-3253.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 1
 Before: BEFORE: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 
 ORDER
 
 2
 Glenn G. Weber, Harold G. Weber and Patricia Spine, pro se, appeal a district court judgment granting the plaintiff's motion for summary judgment in this case instituted by the government to reduce to judgment certain federal income tax assessments made against the Webers. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This action was filed on October 29, 1991, to set aside the alleged fraudulent conveyance of certain real property to the "Weber Family Trust," and to foreclose federal tax liens upon the real and personal property held by this trust as the nominee of the taxpayers, Glenn and Harold Weber. The government alleged that Glenn Weber owed back taxes in the amount of $365,828.81, and that Harold Weber owed $280,394.24, plus interest and statutory additions from April 30, 1993. Upon motion by the government for summary judgment, the district court determined that the United States had established a prima facie case that the taxes were due and further found that the Webers had not met their burden of rebutting this presumption with any operative facts showing that they are not responsible for the tax liabilities assessed or that the amount assessed was incorrect. The district court, applying Ohio law, determined that Glenn and Harold Weber actually owned the real and personal property, individually, and that any conveyance to the Trust was fraudulent. Thus, the court set aside the conveyance pursuant to Ohio Rev.Code Sec. 13306.09 and concluded that the federal liens should attach to all real and personal property owned by the Webers that had been conveyed to the Weber Family Trust.
 
 
 4
 On appeal, the Webers and Patricia Spine raise the following issues: 1) whether the district court abused its discretion by allowing the government to file "over 1400 pages of attached exhibits" in support of its motion for summary judgment; 2) whether the court abused its discretion and displayed bias in favor of the government by "silently denying" the taxpayers' motion for leave to increase the page limit of their response to the motion for summary judgment; 3) whether the district court abused its discretion by "denying and/or ignoring" their motions for discovery requests; 4) whether the district court abused its discretion by denying Harold Weber's Motion to Dismiss which was based on the government's alleged untimely service of process on Harold Weber and on George Thiel; 5) whether the court erred by not joining Patricia Spine as a party in the action pursuant to Fed.R.Civ.P. 19 and 20; and 6) whether the court abused its discretion by not suggesting to the defendants that counsel could be appointed for them under 28 U.S.C. Sec. 1915(d).
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 Upon review, this court concludes that summary judgment was properly granted in favor of the plaintiff, for the reasons stated by the district court. The trust was invalid under state law, and the government was entitled to relief from the fraudulent conveyance. United States v. Fernon, 640 F.2d 609, 613 (5th Cir.1981); Cardiovascular & Thoracic Surgery, Inc. v. DiMaggio, 524 N.E.2d 915, 918 (Ohio App.1987). Furthermore, there is no merit to the defendants' argument that the documents submitted by the government were "overly burdensome," considering that the case involved several years of tax delinquency and an inordinate amount of calculation to arrive at the correct amount of assessments. The district court did not abuse its discretion by denying the Webers' motions for extensions of time to respond and to exceed the page limit in certain pleadings, and in finding good cause to extend the time for service of process on defendant Harold Weber under Fed.R.Civ.P. 4(m). There is no merit to the remaining issues raised on appeal.
 
 
 7
 Accordingly, the district court's decision to reduce to judgment the IRS assessments against the Webers is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation