CROCKER, f.k.a. Herald, Appellant,

v.

HOOD, Appellee, et al.

[Cite as *Crocker v. Hood* (1996), 113 Ohio App.3d 478.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17661.

Decided Aug. 14, 1996.

*John E. Johnson, Jr.,* for appellant.

*Russell M. Pry* and *Ted Chuparkoff,* for appellee.

Reece, Judge.

Plaintiff, Julie Crocker, appeals the Summit County Court of Common Pleas judgment rendered in favor of defendant, Dennis Hood. This court affirms.

## I

On December 13, 1989, Julie Crocker sent a letter through her attorney to Dennis Hood stating she had retained counsel to represent her in a lawsuit seeking damages for alleged sexual abuse committed against her by Hood. The letter indicated that if Hood did not agree to settle the matter by December 29, 1989, Crocker would sue Hood. On December 28, 1989, Hood conveyed his interest in residential/marital property to his wife by quitclaim deed. The land was an eleven-acre parcel located in the city of Tallmadge, Ohio. The deed indicated that Hood's wife, Shirley, paid $10 for the interest. After the conveyance, Hood continued to live on the land until five years later when he and his wife divorced.

Crocker's lawsuit went to trial and she obtained a judgment in her favor. The amount awarded her was $150,000 in compensatory and $2,500,000 in punitive damages. This judgment remains unpaid.

On December 16, 1993, Crocker sued Hood. She alleged that Hood had fraudulently conveyed the land to his wife in order to avoid the judgment. She claimed that the conveyance rendered Hood insolvent, that the conveyance lacked adequate consideration and that Hood transferred the land to Shirley with actual intent to defraud. The trial court heard the case without a jury and found that no evidence existed to show Hood had become insolvent as a result of the transfer. The trial court also found that sufficient evidence supported the conclusion that the conveyance occurred with fair consideration. Last, the trial court found that Crocker did not prove Hood actually intended to defraud her. Crocker now appeals from this judgment.

## II

Three assignments of error are raised. In the first assignment of error, Crocker argues that the trial court mistakenly found that Hood did not actually intend to commit fraud in violation of R.C. 1336.07. In the second assignment of error, Crocker contends that the trial incorrectly found that no evidence of Hood's intentional insolvency existed. In the third assignment of error, Crocker

contends that the trial court mistakenly found that the conveyance was supported by adequate consideration.

For ease of discussion, we initially address the second and third assignments of error. These assignments of error deal with violations of the versions of R.C. 1336.04 and 1336.06 in effect at the time of the alleged fraud.[1] R.C. 1336.04 stated:

.“Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.” 129 Ohio Laws 1007.

“Insolvency” is defined in R.C. 1336.02, which stated in part:

“A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.” *Id.*

R.C. 1336.06 deals with consideration and provided:

“Every conveyance made and every obligation incurred without fair consideration, when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.” *Id.*

Crocker argues that the trial court’s judgment was incorrect because evidence existed to demonstrate that she proved Hood’s insolvency and lack of adequate consideration for the conveyance. . Crocker’s argument essentially attacks the trial court’s judgment in terms of sufficiency of the evidence. In other words, she contends that she presented sufficient evidence necessary to demonstrate fraud. As such, this court reviews her argument under the applicable standard of review. The appropriate standard for testing the sufficiency of evidence in a civil trial was set forth in the syllabus of *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578:

“Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.” *Id.* at syllabus. See, also, *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276; *Chem. Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 207–208, 556 N.E.2d 490, 493–495; *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 158–159.

---

1. We note that these statutes were amended after the lawsuit and alleged fraud occurred. The amendment was effective on September 28, 1990.

■ Concerning Crocker's claim that Hood became insolvent because of the conveyance, the trial court found that no evidence existed to prove this claim. This court's review of the record leads to the same conclusion. Crocker never introduced testimony or documentary evidence demonstrating Hood's insolvency resulted from the conveyance of the land. Therefore, the trial court did not err as to the insolvency claim.

Crocker also claimed that the conveyance was not supported by adequate consideration. She contends that Hood transferred the land for effectively nothing, and, therefore, his wife did not endure a legal detriment necessary to establish consideration.

R.C. 1336.03 defined "fair consideration" and provided:

"Fair consideration is given for property, or obligation:

"(A) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or

"(B) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained." 129 Ohio Laws 1007.

■ Generally, consideration necessary to support a contract may consist of either a detriment to the promisee or a benefit to the promisor. *Ford v. Tandy Transp., Inc.* (1993), 86 Ohio App.3d 364, 384, 620 N.E.2d 996, 1009. A detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee. *Brads v. First Baptist Church of Germantown, Ohio* (1993), 89 Ohio App.3d 328, 336, 624 N.E.2d 737, 743. Furthermore, any detriment, no matter how economically trifling, will support a promise. Calamari, Contracts (1970) 107, Section 55. Although courts generally will not test the adequacy of consideration, an exception lies in cases of fraud. *Ford* and *Brads, supra.* Because this is a fraud case, this court will examine whether the trial court's judgment as to the presence of adequate consideration was supported by sufficient evidence.

■ At trial, evidence indicated that Hood withdrew from his Sears, Roebuck pension and profit-sharing plan an amount of approximately $72,000. Shirley Hood testified that she believed that this money was destined to pay legal fees incurred in defending the sexual abuse lawsuit. She also testified that in 1989 she and Hood contemplated divorce and that she renounced her claims to any interest she may have in the pension and profit-sharing plan in exchange for obtaining the land when they divorced. Shirley also testified that she did not

intend to divorce Hood until after the lawsuit was over. In addition, Shirley testified that a mortgage was taken on the property, which she signed as owner of the property. This apparently also went to pay for legal fees.

The trial court found that adequate consideration supported the conveyance. This court agrees because sufficient evidence existed to support the trial court's finding. Although the face of the deed indicated that Shirley paid only $10 for the land, her testimony also indicated that she endured other legal detriments, namely securing the mortgage and renouncing any claims to the amounts earned in the pension and profit-sharing plan during the marriage. Therefore, the trial court did not err in its judgment.

Accordingly, the second and third assignments of error are overruled.

In the first assignment of error, Crocker contends the trial court mistakenly found that Hood did not actually intend to fraudulently convey the land in violation of R.C. 1336.07, which stated:

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors." 129 Ohio Laws 1008.

The Supreme Court of Ohio has recognized that it is difficult to prove actual intent to commit fraud under R.C. 1336.07. *Stein v. Brown* (1985), 18 Ohio St.3d 305, 18 OBR 352, 480 N.E.2d 1121. The court explained that "[d]ue to the difficulty in finding direct proof of fraud, courts of this state began long ago to look to inferences from the circumstances surrounding the transaction and the relationship of the parties involved." *Id.* at 308–309, 18 OBR at 355, 480 N.E.2d at 1124. Such circumstances not only include the relationship of the parties, but also the lack of adequate consideration, a transfer completed under threat of litigation, insolvency as a result of the transfer, a reservation of interest in the property by the debtor, and transfer of the debtor's entire estate. *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio* (1987), 37 Ohio App.3d 162, 166, 524 N.E.2d 915, 918–919. These circumstances are known as the badges of fraud. The plaintiff does not have to show evidence of all six badges of fraud. See *id.* A court, however, must examine the totality of the circumstances to determine whether the plaintiff has established an inference of fraud necessary to shift the burden to the defendant to prove that fraud did not exist. *Id.*

This court cannot say that the trial court's judgment was supported by insufficient evidence. At best, Crocker met only two badges of fraud. The record did not show any evidence of insolvency or a transfer of the entire estate. Moreover this court has determined that adequate consideration existed. Hood did not retain a legally cognizable interest in the estate. Consequently, Crocker

only established that Shirley had a relationship with Hood and that a threat of litigation occurred. Based on the totality of these circumstances, this court cannot say that the trial court, given its superior vantage as the trier of fact, rendered an erroneous judgment.

Accordingly, the first assignment of error is overruled.

## III

All of appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., and DICKINSON, J., concur.