[Cite as *Witschey, Witschey & Firestine Co., L.P.A. v. Daniele*, 2013-Ohio-5724.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| WITSCHEY, WITSCHEY & FIRESTINE<br>CO., LPA | C.A. No.      26811 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS |
| JOSEPH F. DANIELE, JR., et al. | COUNTY OF SUMMIT, OHIO<br>CASE No.     CV 2011-11-6338 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2013

HENSAL, Judge.

{¶1}   Witschey, Witschey & Firestine Co., LPA appeals a judgment from the Summit County Court of Common Pleas that found in favor of Joseph Daniele, his wife, and their son on its fraudulent-conveyance-of-real-property claim. For the following reasons, we reverse and remand to the trial court to reapply Revised Code Section 1336.04(A)(1) to the evidence already presented at trial.

I.

{¶2}   According to Mr. Daniele, in 2004, while reviewing his estate plan, he determined that he and his wife should transfer their house to their son so that they would not risk losing it if they had to enter a long-term care facility. At the time, their son was operating a lucrative business renovating and reselling homes in Florida. Mr. Daniele and his wife did not have a lawyer, but Witschey had represented their son for several years, so their son had Witschey prepare a deed transferring the property to Mr. Daniele and his wife for life, and the remainder to

their son. The Danieles did not receive any compensation in exchange for the remainder interest transferred to their son.

{¶3} A few years after the transfer, the Danieles' son's business failed and he accumulated over $160,000 in unpaid legal fees with Witschey. According to Mr. Daniele, around the same time, he discovered that, because of a change in the law, he and his wife did not have to divest themselves of the house in order to be assured that they would not lose it if they had to enter a long-term care facility. He, therefore, asked their son to transfer his interest in the house back to them. In May 2009, the Danieles' son transferred his interest in the property to them for no cost. Mr. Daniele's wife later transferred her interest in the property to Mr. Daniele.

{¶4} Following the transfer of the deed back to the Danieles, Witschey obtained a judgment against their son for his unpaid legal fees. While investigating the son's assets, it learned about the transfer of the remainder interest in the property back to the Danieles. In November 2011, it filed an action for fraudulent conveyance against Mr. Daniele, his wife, and their son, seeking to invalidate the transfer. Following a trial to the bench, the court entered judgment in favor of the defendants. Witschey has timely appealed the trial court's judgment, assigning one error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT THERE WAS A "REASONABLY EQUIVALENT VALUE" EXCHANGED BETWEEN THE DEFENDANTS/APPELLEES PURSUANT TO R.C. 1336.08(A) OF OHIO'S FRAUDULENT CONVEYANCE ACT.

{¶5} Witschey argues that the trial court incorrectly rejected the claim that it brought under Revised Code Section 1336.04(A)(1). In its decision, the court noted that, under Section 1336.08(A), a transfer is not fraudulent under Section 1336.04(A)(1), "against a person who took

in good faith and for a reasonably equivalent value." The trial court determined that, because the Danieles had transferred the property to their son in 2004 as a gift, "there is no requirement that there be value for the 2009 transfer." It, therefore, entered judgment for the Danieles.

{¶6} At trial, Witschey argued that it was entitled to relief under Section 1336.04(A) and 1336.05(A). On appeal, it has limited its argument to its claim under Section 1336.04(A)(1). Under that section, "[a] transfer * * * is fraudulent as to a creditor * * * if the debtor made the transfer * * * [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor[.]" "[T]he existence of fraudulent intent is to be determined based on the facts and circumstances of each case." *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 09AP-646, 2010-Ohio-485, ¶ 29.

{¶7} "The burden of proof in an action to set aside a fraudulent conveyance must be affirmatively satisfied by the complainant." *Stein v. Brown*, 18 Ohio St.3d 305, 308 (1985). Recognizing the difficulty in finding direct proof of a defendant's intent, courts have held that there are certain "badges of fraud" that may give rise to an inference that a conveyance was fraudulent. *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio*, 37 Ohio App.3d 162, 166 (5th Dist.1987), quoting 24 Ohio Jurisprudence 3d, Creditors' Rights, Section 754, at 422 (1980); *See Stein* at 308. In 1990, Ohio adopted the Uniform Fraudulent Transfer Act, which codified a non-exclusive list of these badges under Section 1336.04(B). *Abood v. Nemer*, 128 Ohio App.3d 151, 159 (9th Dist.1998); *Atlantic Veneer Corp. v. Robbins*, 4th Dist. Pike No. 01CA678, 2002-Ohio-5363, ¶ 27; R.C. 1336.04(B). This Court has followed the reasoning of other district courts of appeal that, if a plaintiff presents "proof of enough of these indicia of fraud," the burden of proof shifts to the defendants "to rebut the presumption of fraud." *Abood* at 162. In this case, the trial court found that there were enough badges of fraud present that the

burden shifted to the Danieles to "go forward with * * * proof and explain the transaction." *DiMazzio* at 166, quoting 24 Ohio Jurisprudence 3d, Creditor's Rights, Section 884, at 559 (1968).

{¶8} Section 1336.08(A) provides one way that a defendant can rebut the presumption of fraud. *Abood* at 163. It provides that "[a] transfer * * * is not fraudulent under division (A)(1) of section 1336.04 of the Revised Code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." The trial court determined that the Danieles could use Section 1336.08(A) to rebut the presumption of fraud even though they did not give their son anything of monetary value in exchange for the deed because their son had not given them anything of monetary value at the time of the first transfer.

{¶9} Section 1336.03(A) provides that "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied * * *." Under Section 1336.01(J), "'[p]roperty' means anything that may be the subject of ownership." According to Mr. Daniele, he did not give his son any property in exchange for the return of the deed of his house. The transfer also did not satisfy or secure any pre-existing debt that his son owed to him. Accordingly, there is no evidence in the record to support a finding that the transfer of the deed back to the Danieles was for property of reasonably equivalent value.

{¶10} The trial court, accepting Mr. Daniele's testimony that he originally transferred the property to his son "under the auspices of estate planning," reasoned that, because the Danieles' son obtained the deed to the house as a gift, the Danieles did not need to demonstrate that his return of the deed was for reasonably equivalent value under Section 1336.08(A). Under the plain language of the statute, however, to satisfy the requirements of Section 1336.08(A), a

transfer must be "for a reasonably equivalent value * * *." We, therefore, conclude that the trial court incorrectly relied on Section 1336.08(A) in its judgment entry.

{¶11} Witschey argues that, because the trial court misapplied Section 1336.08, this Court should order the transfer set aside. Just because the Danieles failed to satisfy the requirements of Section 1336.08(A), however, does not mean that they did not rebut the presumption that their son's transfer of the deed was fraudulent. Section 1336.08(A) merely codifies one way in which a transferee can defend against an action under Section 1336.04(A)(1). *See Abood*, 128 Ohio App.3d at 163. The fact that Witschey established several badges of fraud simply shifted the burden to the Danieles and their son to "go forward with * * * proof and explain the transaction." *DiMazzio*, 37 Ohio App.3d at 166, quoting 24 Ohio Jurisprudence 3d, Creditors' Rights, Section 884, at 559 (1980). "The ultimate burden of proof in fraud cases rests with the party asserting fraud." *Baker & Sons Equip Co. v. GSO Equip. Leasing, Inc.*, 87 Ohio App.3d 644, 651 (10th Dist.1993).

{¶12} Because the trial court incorrectly determined that the Danieles could use Section 1336.08(A) to defend against Witschey's claim under Section 1336.04(A)(1) even though his son did not receive anything of "[v]alue" under Section 1336.03(A), Witschey's assignment of error is sustained. We note that, because of the mistake, the trial court, while finding that the transfer was not made in bad faith for purposes of applying Section 1336.08(A), did not proceed to analyze whether the evidence that the Danieles presented rebutted the presumption of fraud under Section 1336.04(A)(1). Accordingly, we remand this case to the trial court to determine in the first instance, based on the evidence that was already presented at trial, whether the Danieles' evidence about the circumstances of the transfer rebutted Witschey evidence that the transfer was fraudulent under Section 1336.04(A)(1). We note that Section 1336.04(A)(1) requires proof of

the debtor's "actual intent to hinder, delay, or defraud any creditor of the debtor." On remand, therefore, it is the intent of the Danieles' son that is at issue, as there was no evidence in the record that the Danieles were debtors of Witschey.

III.

{¶13} The trial court incorrectly determined that Section 1336.08(A) applies to the facts of this case. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JEFFREY T. WITSCHEY and ALEX RAGON, Attorneys at Law, for Appellant.

CARMEN V. ROBERTO, Attorney at Law, for Appellees.

JOSEPH DANIELE, JR., pro se, Appellee.